ROBERT SMITH, appellant, *v.* JOEL FINCH, appellee.

*Appeal from the Municipal Court of the City of Alton.*

Where, at the time of the endorsement or assignment of a promissory note, there is a parol guarantee of its payment, it is competent for the party to whom the guarantee is made, to write the guarantee on the back of the note, or to fill up the endorsement with the guarantee.

A parol promise, collateral to a written agreement, is binding.

Where, for the purpose of avoiding a suit, S. being indebted to F., procured A. to assign W.'s note to F., and to guarantee the same : *Held,* that there was a sufficient consideration for the guarantee.

Where the promise to pay the debt of another arises out of some new and original

(1) Tidd's Pract. 1188. (2) 1 Scam. 256.

consideration of benefit or harm, between the newly contracting parties, the consideration is sufficient.

The statute, in relation to the liability of the assignment of a promissory note, is not applicable to a case where a guarantee accompanies the assignment.

An allegation, in a declaration upon a guarantee of a promissory note, that the defendant guarantied the payment of the note, and that, if the plaintiff could not recover the amount thereof of the maker, by judgment and execution, that the guarantor would pay the same, is supported, by evidence, that the defendant guarantied the payment, in case the money could not be collected of the maker; and that suit was instituted and judgment recovered against the maker, as soon as a judgment at law could be obtained; and that execution was issued and put into the officer's hands for collection, within sixteen days from the rendition of judgment; and that the said execution was returned, *nulla bona;* although suit might have been commenced in another court sooner, but in which judgment could not, probably, have been obtained so soon.

THIS was an action·of *assumpsit* originally brought in the Municipal Court of the city of Alton, by the appellee against the appellant. The declaration contains three counts. The defendant below demurred to the first and second, and the demurrer was sustained. Issue was joined on the third, which avers, that Smith, the appellant, being the holder and payee of the following promissory note, to wit,

"280 Dollars. *Alton, March 14th,* 1837.

"Nine months after date, I promise to pay, to the order of Robert Smith, two hundred and eighty dollars, for value received, negotiable and payable at the branch of the State Bank of Illinois, in Alton. JULIUS A. WILLARD."

did assign and transfer the same to Finch, the appellee, and for the consideration of two hundred and eighty dollars, did guaranty the· payment of said note, and the money therein specified, by the maker thereof, and that if the said Finch could not recover the said money of the said maker, by judgment and execution, that then said Smith would pay the same ; that said Finch commenced a suit on said note against said Willard, the maker thereof, in the Municipal Court of the city of Alton ; that on the 5th day of April, 1838, he recovered a judgment thereon, against the said Willard, in said Court, for $285,12, and costs ; that on the 20th day of April, 1838, an execution issued on said judgment, directed to the sheriff of Madison county, which was delivered to said sheriff on the 21st day of April, 1838, and that on the 30th day of August 1838, said execution was returned to said Court, with a return thereon, that said sheriff could find no property of the said Julius A. Willard, in his bailiwick, to enable said sheriff to make said execution or any part thereof, by means whereof, &c., the said Smith became liable, &c.

The cause was tried in the Court below, at the October term, 1838, before the Hon. William Martin, without the intervention of a jury. Judgment was rendered for the appellee for $294 and costs, from which Smith appealed to this Court.

It appears from the bills of exceptions taken, that the plaintiff, after giving in evidence the record of a suit brought to the April term of said Court, 1838, against Julius A. Willard, the maker of said note and judgment obtained, with the return of the sheriff, which return is as follows : " No property found to enable me to make the within execution or any part thereof. August 30, 1838, N. Buckmaster, late Sh'ff. M. C. By Rob't Ferguson, late Sh'ff's Dep'y."; next offered in evidence the following note : " 280 Dollars. Alton March 14th, 1837. Nine month after date, I promise to pay, to the order of Robert Smith, two hundred and eighty dollars, for value received, negotiable and payable at the Branch of the State Bank of Illinois, in Alton. Julius A. Willard." endorsed, " pay to Joel Finch or order, Robert Smith ; " and in connexion therewith the following parol evidence, to wit, Francis B. Murdock, being sworn, says that the plaintiff, having a demand by note, as this deponent believes, against one D. A. Spaulding, Spaulding, for the purpose of avoiding a suit, offered *to give* plaintiff a note on Smith, the defendant. Finch, Spaulding, and defendant met at my office, and Smith, to avoid a suit upon the note due Spaulding, offered to transfer to the plaintiff certain notes due to Smith, among others, the one now in suit. Some of the notes proposed to be transferred, were against persons unknown to me and to Finch, but they were taken by Finch without any intermediate endorsement by Spaulding, as a matter of accommodation to Smith, and upon his guarantee of payment, in case the money could not be collected of the respective makers. In the whole transaction, I felt that it was a matter of accommodation to the defendant, and supposed that Finch was to be charged only with the amount collected, deducting the expenses of collecting. When the note here sued on was offered by the defendant, this deponent spoke of knowing the maker, Willard, to be in very doubtful circumstances. Smith said it was secured by mortgage, which deponent has since understood is not the case. Deponent cannot say when it was the transaction took place, but believes it was some time last winter ; does not recollect whether a receipt was given to Smith for the notes or not ; the notes of Smith, with his guarantee of payment, were not received as payment *pro tanto,* either on Finch's note against Spaulding, or Spaulding's note against Smith, but the sums when collected were to be applied on the same. Deponent further says, that he requested Willard to confess judgment at the February term, 1838, of the Madison Circuit Court, and drew up for his signature a confession of judgment, which Willard refused to sign ; and knowing that if he brought suit in said Circuit Court, that Willard could delay judgment by a plea, on account of the multiplicity of business pending in said Court, by reason of which, the case, if suit was brought there, would not probably be reached, he thought it was pro-

moting the interest of both Smith and Finch, by bringing suit in the Municipal Court of the city of Alton, at the April term, 1838, because judgment against Willard could sooner be obtained therein." To the admission of which said note, and the testimony of said witness, which went to establish a guarantee on the part of the defendant, the defendant objected, which objection the Court overruled; to which decision the defendant excepted. The plaintiff having rested his case on the evidence aforesaid, the defendant, in order to maintain the issue on his part, produced the deposition of Julius A. Willard, which states, that he is the maker of the note on which this suit is brought; that he was the maker of three of the notes, mentioned in a mortgage made on the 14th day of June, 1836, by said Willard and one Hezekiah Hurlbutt of Philadelphia, in Pennsylvania, and given to said Robert Smith to secure the payment of six promissory notes, three of them made by said Willard, and payable to said Smith or order, the first due in six months after date, the second in twelve months after date, the third in eighteen months after date; and three of the said notes made by said Hurlbutt, and payable to said Smith, the first in six months after date, the second in twelve months after date, the third in eighteen months after date, each of said six notes being for two hundred and fifty dollars, and bearing interest at the rate of eight per cent. per annum, making, in the whole, the sum of fifteen hundred dollars. The mortgage was recorded in the recorder's office in Madison county, Illinois, on the 13th day of August, 1836, and the following is also on record : " May 27th, 1837. Received of Hezekiah Hurlbutt the full amount of principal and interest for which this mortgage (on his part) was given. Robert Smith." That it was arranged between Willard, Smith, and Finch, that the present note should be substituted for one of those mentioned in the said mortgage, with a view to having the said substituted note discounted in Bank, and the instalments that should accrue on renewal paid by deponent ; that nothing was said at the time of substitution, so far as deponent recollects, as to whether the mortgage should or should not apply to the said substituted note; that said mortgage if applicable at all to the note substituted, is believed ample.to secure its payment ; that witness made an assignment of property to pay his debts, on the 24th day of March, 1838 ; that the nominal amount of property assigned, at.what he considered, at the time, a low valuation, amounted to $ 5,075, from which he has since deducted estimated amount of bad debts $ 600; that the amount of debts due by deponent, at the time of said assignment, was only about $ 3,904,88 ; and that he knew that the note on which this suit is founded, was in the hands of plaintiff's attorney, at least in time to have enabled him to bring suit at the February term of the Madison Circuit Court, A. D. 1838 ; and as to said substituted note being discounted

in Bank, as was anticipated, he says, that within about two months after said note was given, the Bank ceased entirely to discount, and has discounted, as he is informed, but little to the present time. And thereupon the said defendant solicited the opinion of the Court, that, upon the evidence disclosed, the said plaintiff, in point of law, was not entitled to recover, which opinion the said Court refused, and found for the plaintiff; to which opinion of the Court the said defendant excepted. The cause is brought to this Court by appeal.

A. COWLES and J. M. KRUM, for the appellant.

F. B. MURDOCK, for the appellee.

SMITH, Justice, delivered the opinion of the Court:

We can perceive no sufficient grounds for reversing the judgment in this case.

The endorsement of the note, and the parol guarantee to pay it to Finch, in case it could not be collected off of the maker, is clearly established by evidence; and the inability to collect the amount from the maker of the note, is shown by the record of the judgment, and the execution with the sheriff's return.

This evidence is also fortified by the testimony of Willard, the maker, whose evidence was admitted without objection, and who deposed, that he had assigned his property to pay his debts, on the 24th of March, 1838. The rule in reference to the liability of the assignor of a promissory note, under the statute, is not applicable in this case. The defendant chose to accompany his endorsement with a special guarantee, and by that he must abide.

It would have been competent for the plaintiff to have filled up the endorsement, in the terms of the guarantee, in writing on the note, and thus made the terms explicit. (1)

Its resting in parol will not alter the right to recover. A parol promise, collateral to a written agreement, is binding. (2)

It has been objected, that there was no consideration to support the promise in this case. This is not so. The original consideration of indebtedness to Finch, was a valid one to support the promise, which falls within the rule, that when the promise to pay the debt of another arises out of some new and original consideration of benefit or harm, between the newly contracting parties, the consideration is sufficient. (3)

The judgment is affirmed, with costs.

*Judgment affirmed.*

(1) Nelson v. Dubois, 8 Johns. 175; Campbell v. Butler, *Ibid.* 345.
(2) 4 East 29.                    (3) 8 Johns. 39.