## LEACH v. KEACH.

Where an agent makes an affidavit for his principal, under section 1784 of the Code, upon a matter of fact involved in a suit, on which the rights of the parties depend, he must satisfy the mind of the court that his means of information are full and adequate.

Where to a bill to compel the specific performance of a contract for the conveyance of real estate, the answer of the respondent, after admitting the contract, alleged that the complainant some years before, and prior to leaving for California, wished respondent to rescind the contract, and deliver up the notes executed for the purchase money of the land, and offered to deliver up the obligation for the deed; that it was agreed to between the parties, and they bound themselves respectively, to deliver up the said papers, and annul the agreement; that the reason why this

contract was not then actually carried into effect was, that the obligation for the deed was then in Lee county, while the parties were in Jefferson county; that complainant agreed to send the bond to respondent, who was then to surrender the notes; that complainant never forwarded the bond to respondent; and that the latter knew of no one by whom he could prove the agreement beside the complainant himself—which answer was sworn to by the respondent, called for a reply under oath; and where the answer was demurred to, for the reason that the alleged agreement was without consideration and void, which demurrer was overruled; and where the complainant filed a replication, denying the said agreement, which was sworn to by his wife, under section 1784 of the Code, who, to show her means of information, and her ability to answer for her husband, stated in her affidavit that her husband is absent in California; that he left her his agent; that she was well acquainted with his business, and still is; that certain transactions are peculiarly within her knowledge, they having taken place since his leaving; and that if such an agreement as the respondent alleged had existed, she could but believe that she would have known it; and where the respondent objected to the sufficiency of the reply, on the ground that it did not show that the person making the oath, had equal information with the complainant, &c., which objection was overruled, and the replication held sufficient; *Held*, 1. That the court did not err in overruling the demurrer; 2. That the court erred in overruling the objection to, and admitting the replication.

The mutual promises of the parties to a contract, to deliver up the obligations held by them, respectively, and to rescind the same, constitute a sufficient consideration on both sides.

*Appeal from the Jefferson District Court.*

MONDAY, NOVEMBER 8.

Bill for specific performance. The complainant alleges that, on the 25th of September, 1848, he purchased of respondent lot number two, in block number eight, in Keech's plat of the town of Libertyville, for the sum of twelve dollars, and gave his four promissory notes, of three dollars each, payable in three, six, nine, and twelve months, and respondent delivered his obligation for a deed, with a condition that if said Leach should pay the notes as they fell due, and said Keech should make a deed in fee, the same should be void. He avers that he paid the first note when it fell due, and has ever been, and now is, ready to

pay the remainder; and that, on the 13th of March, 1856, he tendered the balance due, to-wit: thirteen dollars and fifty cents, and demanded a deed, which was refused by the defendant.

Those portions of the answer which are considered, with the questions arising upon them, are so fully shown, in the opinion of the court, that no farther statement of them is necessary.   The respondent appeals.

*Wilson & Stubbs*, for the appellant.

*Williamson & Nourse*, for the appellee.

WOODWARD, J.—The question relating to the reply, and the affidavit to it, determines the case, and therefore it is the principal one to which we will give attention.

The defendant's answer admits the contract, but pleads, among other things, that plaintiff, some years before, went to California, and, before leaving, wished defendant to rescind the contract, and deliver up the notes, offering to deliver up the obligation.   He avers that it was fully and finally agreed between them, and they bound themselves, respectively, to deliver up the said papers, and annul the agreement; that the reason why this contract was not then actually carried into effect was, that the obligation was then in Lee county, while the parties were in Jefferson county ; and that plaintiff agreed to send the bond to defendant, and he was then to deliver the notes ; but the bond was never sent.   The respondent alleges that he knows of no one by whom he can prove this agreement beside the complainant himself, and therefore he makes oath to the answer, and calls for a reply under oath.

The complainant demurred to this answer, and alleges, as the only cause, that it was without consideration, and therefore void.   This being overruled, a reply was filed, which was sworn to by Lydia Leach, the wife of the complainant, under section 1748 of the Code.   To show her means of information, and her ability to answer for the

party, she states that she is the wife of the complainant; that he is absent in California; that he left her his agent, and that she was well acquainted with his business before he left, and still is; that certain transactions are peculiarly within her knowledge, they having taken place since his leaving, and she states reasons why she believes she has knowledge of others.    She replies that she verily *believes* the allegations in relation to the agreement to be untrue; and that, if such had existed, she can but believe that she would have known it; but does not claim any specific or certain knowledge upon this transaction.

The defendant objected to the sufficiency of this reply, for the reason that it does not show that the person making oath to it, has equal information with the complainant; that the affiant swears according to her *belief*, whilst the party might, and should, answer by direct affirmation or negation; and that the response should come direct from the petitioner, inasmuch as the matter rests peculiarly within his knowledge.    The court overruled the objection, and admitted the reply, and there being no other proof, rendered a decree for petitioner.

There are cases where attorneys or agents may make affidavits for another, in the less important steps of a cause, without a very rigid inquiry into their means of knowledge; but when this is undertaken upon the substance of the suit—upon a point on which the very rights of the parties depend— he should satisfy the mind that his means of information are full and adequate.

In the present instance, the matter in question is, in its nature, and by the statement of it, supposed to have taken place between the parties personally, whilst the agent who makes the sworn denial, does not pretend any special information upon it, nor to any, save such as may be supposed to arise from a general knowledge of her husband's affairs.    This does not answer the requirement of the statute.    It is not enough to enable her to verify the pleading in the place of the complainant himself.    We are of

opinion that the court erred in rendering a decree on this reply, and it will be set aside.

The only other point which need be touched upon, is the demurrer of complainant to the respondent's answer. The only cause of demurrer being, that the agreement stated was without consideration, we think there was no error in overruling it. The desire of the complainant to have the contract discharged, and the mutual promises to deliver up the obligations held by them respectively, constituted a sufficient consideration on both sides.

The decree of the district court is reversed, and the cause is remanded for a reply as called for in the answer, and for other proceedings in accordance with this opinion.