## HENRY v. RITENOUR.

CONTRACT.—*Mental Capacity.*—Mere dullness of intellect, from whatever cause, does not amount to incapacity to contract.

SAME.—*Intoxication.*—Where a party to a contract is voluntarily intoxicated at the time of making it, to the extent only that he does not clearly understand the business, this does not render his contract void or voidable where no advantage is gained by dealing with him.

SAME.—*Consideration.*—It is a sufficient consideration for a promissory note that the payee, to procure its execution by the maker, surrenders a valid and subsisting demand for a like amount against a third person.

SAME.—*Failure of Consideration.*—A. being indebted to B. and C. to A. in a certain like amount, and D. being indebted in a like sum to C. on account of certain land conveyed by C. to D. by deed with covenants, by the agreement of all the parties D. gave his note to B. for such sum, B. released A., and A. released C.

*Held,* in a suit on the note by the payee against the maker, that, where there was no express agreement by the payee before or at the time of the making of the note that it should not be collected if the title to the land should fail, such failure of title could not prevent the payee from recovering on the note.

APPEAL from the Warren Common Pleas.

FRAZER, J.—This was a suit upon a promissory note.

There was an answer in five paragraphs. A demurrer was sustained to the second, third, and fifth of these, and error is assigned thereon. The third is however abandoned here, very properly.

The second paragraph of the answer alleged, that the note was procured by unlawful means, to wit, that the defendant cannot write or read writing; that when he signed the note he was under restraint and duress, in that he was somewhat under the influence of liquor and not very clear in his knowledge of the transaction, was told by persons that it was necessary that he should execute the note in order to save his land from forfeiture, that the plaintiff with one Julian procured him to sign the note when his mind was not fit for business, being under the influence of liquor; and that he was coaxed to one side and induced to sign the note by undue influence and unlawful persuasions (not

specified); wherefore the consideration of the note has failed.

This paragraph, it is urged, was good. We cannot reach that conclusion. It presents a very singular and novel idea of what is necessary to constitute either duress or a failure of consideration, both of which defenses the pleader has seemed to think it embraced. It cannot be necessary to speak of it in either light; for it seems to be destitute of about every element necessary to make it either the one or the other. . It is presented here as sufficiently showing fraud in procuring the execution of the note. But it is also a failure in that. No false representations seem to have been made; it does not appear by the averments that the consideration was not ample and honest; in short, nothing appears to show that the defendant would be wronged by being compelled to pay the note. He was intoxicated and did not clearly understand the transaction, but it is not alleged that it was not, nevertheless, a proper transaction. No facts are alleged showing fraud or undue influence. His intoxication seems to have been voluntary, and to have gone to the extent only that he did not clearly understand the business. That is not enough, however, to render his contract void or voidable, in the absence of any advantage having been gained by dealing with him. Mere dullness of intellect, from whatever cause, does not amount to incapacity to contract.

The fifth paragraph of the answer is no better than the second, which it greatly resembles, and, indeed, in its substantial averments, differs from only in alleging that the representation that the defendant would lose his land if he did not execute the note was false. It does not appear by the paragraph, however, that he had any land to be put in peril. It cannot be useful to discuss it further.

The material issue was formed on the fourth paragraph of the answer, by a denial thereof. That paragraph averred (when stripped of its useless verbiage), that one Julian owed the plaintiff the amount of the note sued on, and one Mitcham owed Julian a like sum; that Mitcham sold and

conveyed to the defendant, by deed with covenants, a tract of land, to a part of which it turned out that he had no title, for which the defendant executed the note directly to the plaintiff by agreement of all parties, thus satisfying the claim of Julian upon Mitcham, and the plaintiff upon Julian; it being at the time agreed by all parties that if the title to the land failed in part, then the defendant should not pay to the extent of the value of the title which might prove to be bad, which was the whole of it save about two hundred and fifty dollars worth, which sum had been paid in hand to Mitcham when the deed of conveyance was made; and that the defendant had been evicted.

This issue was found for the plaintiff; and, over a motion for a new trial, judgment was rendered.

The action of the court below in overruling the motion for a new trial is presented for review upon two grounds: first, that the court erred in giving and refusing instructions; and second, upon the evidence. Upon the latter point it is enough to say that the evidence was conflicting and we cannot, therefore, interfere.

The following instruction was asked by the defendant, and refused: "If the jury believe from the evidence that the plaintiff had knowledge before the note was given for what it was given, and that the consideration was for land; and if they believe that Julian, Mitcham, the plaintiff, and the defendant entered into an agreement that the defendant should make his note directly to Julian, although the land came from Mitcham to the defendant, because there was an indebtedness from Mitcham to Julian and from Julian to the plaintiff; and if they believe that the title of the land failed afterwards, and the defendant was evicted; then the consideration of the note has failed, and the plaintiff cannot recover on the note now in suit, and the jury must find for the defendant."

But the court did instruct as follows: "It is admitted that one Julian was indebted to the plaintiff; that one Mitcham was indebted to Julian; and the defendant was in-

debted to Mitcham on account of the purchase of certain land; and it was agreed that the defendant should give his note to the plaintiff, and that the plaintiff should release Julian, and that Julian should release Mitcham. These facts being admitted, you should find for the plaintiff, unless you should find that Ritenour (the plaintiff) expressly agreed at the time or before the making of the note that it should not be collected if the title to the land failed. The mere fact that the title failed is not sufficient to prevent the plaintiff's recovery."

There was reason enough for refusing the defendant's instruction in the fact that it was not applicable to either the issues or the evidence. There was neither averment nor evidence that the note was given by the defendant to Julian. On the contrary, it was alleged by the complaint, and admitted by the answer, and so appeared by the note itself, that it was given to Ritenour, the plaintiff. But if in this respect the instruction had been accurate, it would still have been liable to the objection that it did not correctly state the law. It loses sight of an important element of the case, to wit, that the plaintiff had surrendered a valid and subsisting demand against Julian, which was of itself a sufficient consideration for the note. *Millard* v. *Porter*, 18 Ind. 503.

The only objection made to the instruction given by the court is, that it gives the law as it was expressly decided by this court in the case of *Millard* v. *Porter, supra*. What we have said concerning the instruction asked by the defendant, we think, sufficiently meets that objection. Authorities might be cited almost without limit in accord with *Millard* v. *Porter*, and the books will be searched in vain for anything in conflict with it. It rests upon a principle of the law of contracts which is elementary, entering into the very definition of consideration.

Judgment affirmed, with costs.

*B. F. Gregory* and *J. Harper*, for appellant.

*J. McCabe* and *J. M. Thompson*, for appellee.