## BRUGUIER V. GOEWEY.

1. **Debt**: PAYMENT BY ANOTHER: IMPLIED PROMISE. Where one is requested by a third person to pay the debt of another, in the latter's presence, and he discharges the debt, the silence of the debtor will authorize the jury to consider the request as his own; and, by his acceptance from the payer of the written evidence of the indebtedness, after payment, with the request by the payer to pay it sometime, they may infer a promise of payment.

2. ——: ——: ——. The voluntary payment of a debt, which another was *compellable* to pay, entitles the payer to recover the amount, upon proof of an express promise of repayment; the law implies the request to pay from the express promise.

*Appeal from Woodbury District Court.*

TUESDAY, SEPTEMBER 22.

ACTION for money paid by plaintiff to the use of defendant in the discharge and satisfaction of his promissory note to one Walter A. Burleigh, in consideration of which the defendant promised to pay plaintiff the amount on demand with interest. The answer is a general denial of each allegation of the petition. Trial to a jury; verdict and judgment for plaintiff for $763.04, the full amount claimed. The defendant appeals.

*Isaac Pendleton* and *Joy & Wright*, for appellant.

*John Currier*, for appellee.

COLE, J.—I. The first point made is, that the verdict is not sustained by the evidence. The testimony is brief, and

1. DEBT: payment by another: implied promise.

from it the jury might well find, as facts, that the plaintiff, the defendant, the holder of the note made by defendant, and one Gregory, were together in a bank; that the note was produced for payment, and Gregory asked plaintiff to pay the note, which was for $608; that plaintiff then and there paid the note, and it was handed to defendant, who, at once, handed it to plaintiff, who then gave it back to the defendant and told him to "pay me the amount

of the note sometime;" that payment had been demanded before suit brought. Upon these facts the jury would be authorized to conclude that the request by Gregory was in defendant's presence, and by his silence he made it his request; and also that, by accepting the note from plaintiff with direction to pay it sometime, he promised to so pay it. Both a request and a promise can fairly be inferred from the facts of the case. This abundantly sustains the verdict.

II. The defendant asked the court to instruct the jury that "if they find that the money was advanced by plaintiff without any authority from defendant, the plaintiff cannot recover." This the court modified by adding, "unless there was a subsequent promise to pay on the part of defendant." Upon this the second error is assigned. There was no error in this modification. The rule is well settled that where one person voluntarily pays a debt which another was *compellable* to pay, he may recover the amount so paid, upon proof of an express promise by the other to repay him—the law implies the request to pay, from the express promise. *Windsor v. Savage*, 9 Metcalf, 348; *Lewis v. Lewis*, 3 Strobhart, 530. In other words, and generally, there are three classes of cases wherein an executed or past consideration will support an action: *first*, where one is compelled to pay a debt for another, which such other was compellable to pay; *second*, where the act done or money paid was for the benefit of another, and he afterwards accepted and enjoyed it; *third*, where one voluntarily pays a debt which another was compellable to pay. In the first two, the law implies both a request and a promise, but in the last an express promise must be shown. In this case, as we have seen, the jury might well find both a request and promise, in fact. The second instruction asked by defendant was substantially the same, and was modified in the same way.

What we have already said sufficiently disposes of the question made upon the instruction asked by plaintiff, and given. There was no error in the manner of entering judgment.

AFFIRMED.