## WHITESELL v. HEINEY.

CONTRACT.—*Consideration.—Statute of Frauds.—Redemption.—Judgment.*—A. having purchased a certain tract of real estate belonging to B., at a sheriff's sale thereof, and it having been then sold to C., at a sheriff's sale thereof, to satisfy an execution against A., and B. having instituted an action against A. to redeem the same from the former sale, C. verbally agreed with A., that, in consideration that A. would resist and defeat B.'s action to redeem, he, C., would pay off a certain judgment held by D. against A., who thereupon, in pursuance of such agreement, resisted and defeated B.'s action to redeem, and thus perfected his title.

*Held,* in an action by D., against C., to recover the amount of his judgment against A., that C.'s agreement with A., to pay off such judgment, was supported by a sufficient consideration.

*Held,* also, that such agreement was not within the statute of frauds.

EVIDENCE.—*Admissions of Party.—Impeachment.*—Proof by the plaintiff, in his evidence in chief, of admissions by the defendant of the plaintiff's cause of action, though denied by the defendant when testifying as a witness in his own behalf, is not an impeachment of the latter, authorizing him to give evidence of his own declarations, out of court, in accord with his testimony in court as a witness.

From the Hamilton Circuit Court.

*A. F. Shirts* and *G. Shirts,* for appellant.

*J. W. Evans* and *R. R. Stephenson,* for appellee.

NIBLACK, J.—This was a suit by Benjamin Heiney

against Philip P. Whitesell and Henry Presser, in the court below.

The facts alleged in the complaint, so far as it is necessary that we should recite them, are, in substance, that on or about the 24th day of May, 1872, one Cyrus J. McCole recovered a judgment in the court of common pleas of Hamilton county, against the said Heiney and one Henry P. Crull, for the sum of two hundred and eighty-six dollars and seventy-three cents, and costs of suit taxed at fifty dollars; that this judgment was rendered on a promissory note executed by one John Miller, payable to the said Crull, and endorsed by the said Heiney as an accommodation endorser merely, to enable the said Crull to negotiate the same; that, on account of the insolvency of said Miller, the said Heiney was compelled to, and did, on the 1st day of November, 1873, pay off said judgment, which amounted at that time to the sum of three hundred and forty dollars and fifty-five cents; that, by reason of such payment, the said Heiney acquired a valid claim against the said Crull for the sum of money thus paid; that, at the time of such payment, the said Crull was heavily in debt, and sundry judgments had already been rendered against him. On one of these judgments, which was in favor of one Sanford Fortner, an execution had already been issued and levied on certain real estate of the said Crull, and the said real estate had been sold on said execution to the said Fortner, to satisfy his said judgment.

That, at the time of the sale of said real estate, the said Crull was the owner thereof by purchase at a sheriff's sale previously made on a decree of foreclosure in his favor, against one James Brandom.

That, soon after the purchase of said real estate by Fortner, he sold the same to the said Whitesell and one Ritchie, and assigned and transferred to them his certificate of the purchase thereof.

That, at the time said Whitesell became the purchaser

of an interest in said real estate, and for more than a year preceding, the said Brandom had been prosecuting an action in the said Hamilton Circuit Court, against the said Crull, in the attempted assertion of his right to redeem said real estate from the sheriff's sale to the said Crull, above referred to—the decree of foreclosure against the said Brandom being in date older, and for a sum of money much larger, than the judgment of said Fortner against the said Crull.

That, at the time last above named, the said Crull, being financially embarrassed and in a failing condition, and being anxious to have said real estate realize its full value to his creditors, was willing to allow said Brandom to redeem the same by the payment of the sum of one thousand three hundred dollars, that being the alleged amount required by law for the redemption thereof, but that the said Whitesell, well knowing the premises, and to prevent the said Crull from consenting to such redemption, and to prevail on him to resist the claim of said Brandom to redeem said lands, agreed with and promised said Crull, that, in consideration that the said Crull would continue to resist, and should ultimately defeat, the claim of the said Brandom, he, the said Whitesell, would pay to the said Heiney the full amount due him on account of his payment of the McCole judgment against him and the said Crull as above stated.

That, in consideration of the premises, and in pursuance of said agreement with the said Whitesell, the said Crull refused to permit said Brandom to redeem said lands, and continued to defend the action of the said Brandom against him for the redemption of the same, and ultimately defeated said action.

That, in defending said action, he, the said Crull, expended large sums of money, and was at great labor and inconvenience, involving much loss of time, amounting in all to the value of five hundred dollars.

That, by the defeat of the said action of the said Bran-

dom, the title of the said Whitesell to said land was quieted, and, in legal effect, confirmed to him.

That, after the defeat of said action, the said Whitesell, although requested, refused to pay to the said Heiney said sum of money so due to him from the said Crull, or any part thereof. Wherefore the said Heiney demanded judgment against the said Whitesell.

Presser was summoned to answer as to his interest, if any, in the McCole judgment, and, having made default, no further proceedings were taken against him.

Whitesell answered in general denial.

A trial resulted in a verdict for the plaintiff, and, over motions for a new trial and in arrest, there was judgment on the verdict.

The assignment of errors raises but two questions:

1st. Whether the court erred in overruling the motion for a new trial.

2d. Whether the court erred in refusing to arrest the judgment.

As the motion in arrest of the judgment went to the sufficiency of the complaint, we will first consider whether that motion ought to have been sustained.

Two principal objections are urged to the complaint.

The first is, that the alleged promise of Whitesell to Crull, to pay Heiney, appears to have been without any sufficient consideration.

The second is, that said promise, as it is alleged to have been made, is within the statute of frauds, and therefore void.

As we construe the averments in the complaint, it seems quite clear, that, after Whitesell had purchased an interest in the real estate in controversy, it was optional with Crull whether he should permit Brandom to redeem, or whether he should persist in denying Brandom's right to do so, with fair prospects of ultimate success.

It seems equally clear that it was greatly to the interest

of Whitesell to have him persist in the defence of Brandom's claim.

We think the fair inference is, that the defence to Brandom's action, after the alleged agreement between Whitesell and Crull was made, was conducted really in Whitesell's interest.

We are of the impression, that a sufficient consideration is shown to support the alleged contract.

Had the alleged promise of Whitesell to Crull been made directly to Heiney, that is to say, had Whitesell promised Heiney to pay him what Crull owed him, without reducing his promise to writing, it would have been within the statute of frauds; but it has been decided that where A. promises B. to pay C. a debt which B. owes to C., such a promise is not within the statute of frauds, because A. does not thereby promise to pay B. the debt of another, but only to pay his, B.'s, debt to another. *Eastwood* v. *Kenyon*, 11 A. & E. 438; Smith Contracts, 5th Am. ed., p. 108; *Colter* v. *Frese*, 45 Ind. 96.

It has, also, been decided, that where A. makes a contract with B. for the benefit of C., C. may maintain an action against A. to enforce the contract. *Helms* v. *Kearns*, 40 Ind. 124; *Davis* v. *Calloway*, 30 Ind. 112.

In the light of these authorities, which we regard as well supported and as applicable to the case before us, we are of the opinion, that the complaint is substantially sufficient, and that the court did not err in overruling the motion in arrest of judgment.

Exceptions were reserved on the trial by Whitesell to the admission of certain testimony and to the rejection of certain other proposed testimony, and the questions thus arising upon these exceptions were presented as causes for a new trial.

The view we have taken of the sufficiency of the complaint practically disposes of some of these exceptions.

The objection to the admissibility of certain records introduced on the trial were not well taken, in our opinion,

as they tended to prove some of the allegations in the complaint.

Heiney, in his evidence in chief, introduced proof of certain alleged admissions of Whitesell, tending to support some of the material averments in the complaint.

Whitesell, in his testimony in his own behalf, denied these admissions, and then, to sustain his testimony, offered to prove by another witness former declarations of his in accordance with it. The testimony thus offered was rejected, of which Whitesell complains.

We know of no principle, however, on which the proposed testimony could have been properly admitted. Proof of the alleged admission of Whitesell was not made by way of impeachment, as he had not yet testified, but only as admissions of a defendant apparently against his interests, in support of the plaintiff's claim. No foundation had been laid for the introduction of corroborating testimony against impeachment.

We are unable to see any error in the refusal of the court to grant a new trial.

The judgment is affirmed, at the costs of the appellant.