W. D. BROWN v. W. P. JENNETT, Appellant.

**Contracts:** CONSIDERATION. Either the fact that a real estate broker suffered a detriment by the release of the owner of the land from his obligation to pay a commission for the sale, or its assumption by the purchaser, is a sufficient consideration to support the purchaser's agreement to pay the commission, even though the contract of sale may have been invalid.

*Appeal from Sac District Court.*— HON. F. M. POWERS, Judge.

WEDNESDAY, APRIL 4, 1906.

ACTION on an oral promise of defendant to pay to the firm of H. L. Craven & Co. the sum of $150, of which obligation plaintiff is the assignee. Defendant pleaded want of consideration. On a trial to the court, judgment was rendered for plaintiff, from which defendant appeals.— *Affirmed.*

*Chas. D. Goldsmith,* for appellant.

*Tait & Jackson,* for appellee.

McCLAIN, C. J.— There was evidence to justify a finding by the court that the firm of H. L. Craven & Co. had a claim against one Solid for $150 as commission for furnishing to Solid the defendant as purchaser, ready, willing, and able to buy the land of Solid, for which the firm were agents, the only defect in the contract of purchase being that the written contract entered into between them was executed on Sunday; that after defendant had refused to carry out his contract on this ground, the plaintiff, who was a member of the firm, and who was also acting for Solid in securing a settlement of the controversy between Solid and defendant as to

whether the contract was valid, entered into an agreement with defendant by which defendant undertook to pay to the firm the amount of the commission claimed to be due them from Solid; and further that it was a part of the agreement between defendant and Brown, acting as agent for Solid, that the written contract for the purchase by defendant of the land which was in the possession of Solid be canceled by mutual agreement. The evidence also tended to show that in pursuance of this arrangement between defendant and plaintiff, acting as a member of his firm and as agent for Solid, the obligation of Solid to the firm for a commission was relinquished, and that Solid acquiesced in the arrangement by which the contract between him and defendant was canceled.

We think there are two answers to the contention for appellant that his agreement to pay the firm of H. L. Craven & Co. the sum of one hundred and fifty dollars was without consideration. In the first place he entered into the arrangement with the understanding that the obligation of Solid to the firm for a commission should be released by the firm and defendant's obligation substituted therefor. It is plain that, if the firm undertook to release Solid and accept defendant as their debtor for the amount of the commission, the firm incurred a detriment which would support defendant's agreement. *Whitesell v. Heiney,* 58 Ind. 108; *Millard v. Porter,* 18 Ind. 503; *Smith v. Finch,* 3 Ill. 321; *Flanagan v. Hutchinson,* 47 Mo. 237; *Smith v. Mayo,* 1 Allen (Mass.) 160. In the second place the agreement of Solid, through plaintiff as his agent, that the contract between him and defendant, whether valid or not, should be canceled and discharged, so that no further controversy could arise under it, was sufficient consideration for defendant's agreement to pay to H. L. Craven & Co. the obligation of Solid to them for the commission. If the agreement had been that Solid should relinquish the written instrument executed by him and defendant on Sunday, the consideration for defendant's promise would

have been sufficient, although the contract evidenced by such instrument was not valid and enforceable. *Brooks v. Haigh*, 10 Ad. & El. 323. It is not necessary that the consideration be a thing of pecuniary value or reducible to such value. *Bainbridge v. Firmstone*, 8 Ad. & El. 743; 9 Cyc. 315; Wald's Pollock on Contracts (3d Ed., by Williston) 193; Langdell, Contracts, section 54. And the relinquishment by Solid of his right to litigate the question of law or fact as to defendant's liability under the contract of purchase was likewise a valid consideration. *Miles v. New Zealand Alfred Estate Co.* (1885–86) 32 Ch. Div. 266; Wald's Pollock on Contracts (3d Ed.) 314. And see *Richardson & Boyonton Co. v. Independent District*, 70 Iowa, 573; *Leach v. Keach*, 7 Iowa, 232.

There was sufficient consideration for defendant's agreement, and the judgment is *affirmed*.