HARRIS-EMERY COMPANY, Appellant, v. W. R. HOWERTON, Appellee.

Statute of frauds: PROMISE TO PAY THE DEBT OF ANOTHER: CONSIDERA-TION. Where one promises to answer for the debt of another and gives his check in payment, and the creditor accepts the same, receipts for and closes the account on his books in reliance upon the payment so made, the transaction is not within the statute of frauds; and the detriment sustained by the creditor in accepting the check is a sufficient consideration to support the promise contained therein, and to maintain an action based on the check.

*Appeal from Polk District Court.*—HON. W. H. Mc-HENRY, Judge.

FRIDAY, MARCH 15, 1912.

ACTION upon a check drawn by defendant upon the People's Trust Company of Pella, Iowa, which was duly protested for nonpayment. Defendant pleaded that the

check was without consideration, and that his promise, if any, was within the statute of frauds, and therefore void. Upon the issues joined, the case came on for hearing to a jury, and at the conclusion of the testimony each party moved for a directed verdict. Plaintiff's motion was overruled, and defendant's was sustained, and a judgment was entered on the verdict returned according to the court's direction. Plaintiff appeals.—*Reversed.*

*Graham & Graham,* for appellant.

*Miller & Wallingford* and *Oliver H. Miller,* for appellee.

Deemer, J.—The facts stated most strongly for plaintiff, as they should be, because of the order directing the verdict, are as follows:

Prior to February 23, 1909, one Anna Molin was indebted to plaintiff on open account for a balance of $204.79. She was preparing to leave Des Moines, where she had resided while the goods for which she was indebted had been purchased, and, learning of that fact, plaintiff's credit man called upon Mrs. Molin with intent of bringing suit against her unless she paid or secured the balance due. He met her on the morning of February 23, 1909, and then made arrangements to meet her and the defendant on the afternoon of the same day at her home. Pursuant to arrangement, the credit man went to Mrs. Molin's home, and, shortly after arriving there, defendant appeared and was introduced. Demand was made of Mrs. Molin that she pay or settle the account, and, as she did not have the money wherewith to meet her obligation, she asked the defendant to advance her $200, telling him that she had to pay the bill, and that she would pay the $4.79 remaining in currency. Before granting the request, defendant took Mrs. Molin into another room for a private conference,

and shortly thereafter reappeared, and said to the credit man that he was closing up a deal with Mrs. Molin that day, and that he would give his check for the $200. This being acceptable to the credit man, defendant wrote his check upon the Pella Trust Company of Pella for the sum of $200 payable to the plaintiff, and Mrs. Molin produced the $4.79 in currency. The check and currency were delivered to plaintiff's agent, and he receipted the bill he held against Mrs. Molin in full, and as receipted delivered the same to her. The credit man testified that he received the check and cash in payment and full satisfaction of plaintiff's account. It is agreed, however, that, at defendant's request, the check was not presented to the bank for payment until February 27th, and, at that time Howerton having no funds, the check went to protest. This action is upon the check. Plaintiff's credit man testified, not only that he received the check in payment, but that he forebore bringing suit upon the account as he had intended to because of the giving of the check. It also appears that Mrs. Molin's account with plaintiff was marked paid and closed upon plaintiff's books. Between the date of the giving of the check and presentment for payment Mrs. Molin left Des Moines, and her whereabouts have since been unknown. Defendant refused to make the check good, and now claims that it was and is without consideration, for the reason that he received no benefit therefrom. He admits that at the time he issued it he had a deal with Mrs. Molin whereby he might have owed her money had it been consummated; but he says that this fell through, and that the check is entirely without consideration moving to him, and is therefore void. He also claims that his promise is within the statute of frauds. This latter claim is entirely without support, and the only question in the case is this, Was there any consideration for the check?

Recurring to the most elementary principles of law,

it will be found, we think, that the check had a valuable consideration. It is not enough for the maker to say that he received no benefit. A detriment to the payee is as often a consideration for a promise as a benefit to the man who makes it. *Harlan v. Harlan,* 102 Iowa, 704; *Riegel v. Ormsby,* 111 Iowa, 10; *Blake v. Robinson,* 129 Iowa, 199; *Brown v. Jennett,* 130 Iowa, 312. Again, if the original debtor is discharged and a new one substituted, this is everywhere regarded as a sufficient consideration for the new promise. *Brown v. Jennett, supra,* and cases cited in 7 Cyc. page 702; *Porter v. Railroad,* 99 Iowa, 359; *Harvey v. Tama Co.,* 53 Iowa, 228; *Bruguier v. Goewey,* 39 Iowa, 190. Here there was not only a forbearance to sue, but a complete substitution of debtors, and it does not lie in defendant's mouth to say that he received no valuable consideration. The release of one debtor is a sufficient consideration for the promise of another to pay the debt. Here the promise is in writing, and the original debt was discharged. Although defendant may never have received anything of value from Mrs. Molin, the check was nevertheless based upon a valuable consideration, and the trial court erred in directing the verdict. None of the many cases cited for appellee run counter to these views, and, if they did, we would not be disposed to follow them.

The judgment must be, and it is, *reversed.*