May Term,
1852.

JARVIS
v.
SUTTON.
3　289
135　668

JARVIS v. SUTTON.

A. agreed orally with B. to sell B. his farm for a price specified, conditionally, as follows: A. was to go to *Iowa* to look at the country, and B. was to furnish him with a specified number of land-warrants, when he was ready to start. A. was to put B. in possession of certain fields, forthwith, which B. intended to plant with corn, and was to allow B. to stable his horses in the barn while he was cultivating the corn. If A. liked *Iowa* when he got there, B. was to keep the farm at the price agreed upon, and, in that event, was to pay A. 2 dollars an acre for two fields of wheat on the farm; but if A. did not like *Iowa*, there was to be no sale of the farm, and B. was to pay him rent for the corn-ground at the rate of 2 dollars an acre. Pursuant to the agreement, A. gave to B. possession of said fields which were to be put in corn, which B. plowed and planted, stabling his horses in the barn while doing so. *Held*, that there was no valid contract for the sale of the land. *Held*, also, that the agreement between the parties amounted merely to a lease of the corn-ground.

After the making of said contract, A. agreed orally with B. to give him the rent of the corn-ground, and the wheat in a wheat-field on the premises, if he would relinquish his purchase, A. at the same time pointing to the field. B., afterwards, pursuant to the agreement, did so, and cut and carried away the wheat in said field. *Held*, that the agreement of A. was without consideration, and that B. was liable for the value of the wheat, upon a count for goods sold and delivered.

A promise to give something for the compromise of a claim, about which there is merely a dispute and controversy, and which is without legal foundation, will not sustain a suit at law.

ERROR to the *Parke* Circuit Court.

SMITH, J.—This was an action of assumpsit, brought by *Sutton* against *Jarvis* for goods sold and delivered. Plea, the general issue, with an agreement that all matters of defense which might be specially pleaded, might be given in evidence under this plea. Verdict and judgment for the plaintiff for 79 dollars and 15 cents, a motion for a new trial having been overruled.

The error assigned is that the judgment is not warranted by the evidence.

The plaintiff proved that, in the fall of 1849, he put two fields on his farm in wheat; one of which fields contained about eight, and the other about twelve acres; that the wheat upon the eight acre field was worth about the sum for which the judgment was rendered; and that

Tuesday,
May 25.

it was cut and taken away by the defendant who appropriated it to his own use.

The defendant then introduced witnesses who testified that, in the month of *February*, before the wheat was harvested, the plaintiff and defendant made a verbal contract to the following effect: The plaintiff conditionally sold his farm, comprising 240 acres, to the defendant for 14 dollars per acre. *Sutton* was to go to *Iowa* in *May* following to look at the country. The defendant was to furnish the plaintiff with five land-warrants, and seven if he wished them, when he was ready to start to *Iowa*. The plaintiff was to put the defendant in possession of certain fields, containing about 54 acres, forthwith, which the latter designed to plant with corn, and was to allow him to stable his horses in the barn while he was cultivating the corn. If the plaintiff liked *Iowa*, when he went there, the defendant was to keep the farm at the price agreed upon, and, in that event, he was to pay the plaintiff 2 dollars per acre for all the wheat, including both the fields before mentioned. But if the plaintiff did not like *Iowa*, there was to be no sale of the farm, and the defendant was to pay him rent for the corn-ground at the rate of 2 dollars per acre.

The defendant also proved that, in pursuance of this agreement, the plaintiff gave him possession of the fields to put in corn, which he plowed and planted, stabling his horses in the barn while doing so.

He then introduced witnesses who stated that, in the month of *April*, *Martin* and *Silas Dooly*, being desirous of purchasing a farm for their nephew, went to look at the farm of the plaintiff, being the same farm before referred to. They first saw the defendant who explained to them his contract with the plaintiff. They then went to see the plaintiff and informed him that they desired to purchase the place. The plaintiff told them he had sold it to the defendant and could not sell it to them, but if they would wait until his return from *Iowa*, if he should not like that country, he would have the right to sell, and intimated that it would be easy for him to be dissatisfied,

if he should be paid for being so. The *Doolys* proposed to the plaintiff to buy out the defendant's right, and sell to their nephew immediately, as he would not wait. The plaintiff then told them to go to the defendant and propose to him that if he would give up his right to the farm, the plaintiff would give him the rent of the corn-ground. The *Doolys* went to the defendant and stated the plaintiff's proposition, which the defendant refused to accede to. They offered him 100 dollars in money if he would sell his right to the farm, which he also declined. They then proposed to him to go with them to the plaintiff and try to arrange the matter, which he did. When the parties met for this purpose, the plaintiff, after some discussion, proposed to the defendant to give him the rent of the corn-ground and the eight acre field of wheat, if he would agree to cancel the contract for the sale of the farm, which the defendant consented to take, and they accordingly closed on those terms, the field of wheat being then pointed out by the plaintiff, and the wheat being the same for which this suit was brought.

After this last agreement the *Doolys* bought the farm from the plaintiff, giving him a higher price for it than the defendant had agreed to give. About the time the wheat was cut, a dispute arose between the plaintiff and the defendant, each threatening to sue the other if he should take the wheat, and finally the defendant took the wheat away at a time when the plaintiff was absent from home.

All this evidence relative to the verbal contract for a conditional sale of the farm, and to the rescission of that contract, was objected to by the plaintiff and excluded by the Court.

We are of opinion that the judgment is right, and that if all this evidence had been admitted it could not have varied the result. The contract verbally made between the plaintiff and defendant amounted merely to a lease of the 54 acres of corn-ground. There was no contract for the sale of the farm which *Jarvis* could have enforced. There was, therefore, no contract of sale to rescind, and

no possession of the farm to surrender, for *Jarvis* never had possession of any part of the farm but the fields he was to cultivate in corn. The lease of the corn-ground does not appear to have been rescinded, nor the possession of that part of the farm to have been given up. On the contrary, *Jarvis* appears to have cultivated* the corn pursuant to his lease. We are, consequently, unable to perceive any consideration whatever for the alleged agreement to give him the wheat in question.

The circumstances do not authorize the conclusion that the eight acres of wheat was a *gift* to the defendant, because there was no actual delivery. The mere pointing out of an article does not constitute a delivery. If I point to a horse running in my field and tell another person he may have him, this would not preclude me from preventing such person from taking actual possession.

Neither does this evidence show that there was any compromise which would be a sufficient consideration. It is true a compromise of doubtful claims may be sufficient to found a consideration upon, but in such cases there must be a surrender of some legal benefit which the other party might have retained. In other words, there must be some consideration for a compromise, as well as for any other contract, if it is unexecuted and remains to be enforced. A promise to give something for the compromise of a claim, about which there is merely a dispute and controversy, and for which there is no legal foundation whatever, is not sufficient to sustain a suit at law. See *Wade* v. *Simeon*, 2 Mann. Gr. and Scott, 548.— *Edwards* v. *Baugh*, 11 M. and W. 641.

*Per Curiam.*—The judgment is affirmed, with 2 *per cent.* damages and costs.

*E. W. McGaughey* and *A. L. Roache*, for the plaintiff.

*S. F. Maxwell*, for the defendant.