NICEWANGER *v.* BEVARD.

Suit upon a promissory note. Answer: 1. That said note was given in compromise of a pending prosecution for bastardy, fraudulently instituted by the plaintiff against the defendant, in which she falsely represented that defendant was the father of her child; and that the consideration of said note had failed, in this, that subsequently to the giving of said note, it was agreed between plaintiff and defendant that if said child was not born

Nov. Term,
1861.

NICEWANGER
v.
BEVARD.

Thursday,
February 6.

before a given time, that said note should be delivered up and canceled, and that said child was not born before the said time limited.

2. That said note was obtained by fraud and false representation, in this, that the same was given in compromise of a prosecution for bastardy, in which plaintiff fraudulently and falsely charged the defendant to be the father of her child, she well knowing that one *A. B.* was the father of said child.

*Held*, that so far as the first paragraph of the answer averred a want of consideration, it was bad.

*Quære :* Whether the consideration shown in the first paragraph of the answer for the alleged agreement to surrender the note was sufficient, and if so, could such agreement be set up as a defense to the action on the note.

*Held*, also, that the second paragraph of the answer was good.

APPEAL from the *Grant* Circuit Court.

HANNA, J.—Suit on notes, and to foreclose a mortgage. Answer: 1. Want of consideration, in this, that said notes, &c., were executed in a compromise of a pending prosecution for bastardy, fraudulently instituted by said *Bevard*, and in which she falsely represented that defendant was the father of the child of which she was then pregnant, and that said consideration had failed, in this, that sometime afterward, another agreement was made, independent of the first, that if the child was not born by the 10th or 20th of *July*, said notes and mortgage were to be delivered up to be canceled, and that it was not born on, &c.   2. That said notes were obtained by fraud and false representations, &c., setting up the same facts contained in the first paragraph, and that the father of said child was well known to plaintiff to be one *A. B.*   3. Accord and satisfaction.   4. That one *Jonathan Bevard*, is the real owner of said notes, &c.   5. That by agreement, said notes, &c., were surrendered to be canceled; but the possession thereof was wrongfully resumed.   6. plaintiff is not the owner of said notes, &c., the same having been delivered up and canceled.

A demurrer was sustained to the first and second paragraphs of the answer, and overruled as to the others.

Upon the ruling in sustaining the demurrer, the first question now arises as to the ruling in refusing to sustain the demurrer as to the other paragraphs, because there are no

cross-errors assigned. There was no motion to strike out any part of said first paragraph.

In reply, a denial to each remaining paragraph of the answer was filed, and as to the third, a further reply was filed, that the payment made was a sum of money agreed, in the compromise, to be paid by defendant to the attorney of plaintiff in the bastardy case. The points made by the appellants are:

1. Upon the ruling of the Court in sustaining demurrers to the first and second paragraphs of the answer, and in overruling the demurrer to the second paragraph of the reply to the third paragraph of the answer.

2. Upon the ruling in excluding evidence.

3. Upon the ruling on the motion for a new trial.

As to the third point, it is based upon the alleged insufficiency of the evidence; but as the record does not profess, under the rule, to contain all the evidence, we can not notice it. As to the second point, the evidence excluded was applicable to defenses demurred to; the whole question is, therefore, presented on the rulings on demurrers, even if there had been other issues under which the evidence could have been offered. This leaves the first point alone to be considered.

In 1 Parsons on Contracts, pp. 363–364, it is said that "with the courts of this country, the prevention of litigation is not only a sufficient, but a highly favored consideration; and no investigation into the character or value of the different claims submitted, will be entered into for the purpose of setting aside a compromise, it being sufficient if the parties entering into the compromise, thought, at the time, that there was a question between them." Several cases are cited, in a note to sustain the text; the strongest of which, perhaps, is *O'Keson* v. *Barclay*, 2. Penn. 531, in which an action for slander was compromised by the defendant agreeing to give a certain sum to the plaintiff; it was held that there was a sufficient consideration for the promise, although the words laid in the declaration were not actionable, *Corode* v. *McKelvy*, Addison, 56; *Stoddard* v. *Mix*, 14 Conn. 12; *Barlow* v. *Ocean Ins. Co.*, 4 Met. 270; *Ex parte Lucy*, 21

Nov. Term, E. L. & Eq. R. 199; *Mills* v. *Lee*, 6 Monr. 91; *Russell* v. *Cook*,
1861. 3 Hill, 504; *Stewart* v. *Ahrenfeldt*, 4 Denio, 189; *Bullock* v.

NICEWANGER *Ogburn*, 13 Ala. 346; *Watterman* v. *Barratt*, 4 Harring. 311.
v.
BEVARD.

We are of opinion, therefore, that, so far as said first paragraph of the answer averred a want of consideration, &c., it was bad, in the light of the decisions and authorities above quoted; but perhaps this Court held a somewhat different view in the case of *Jarvis* v. *Sutton*, 3 Ind. 291; and therefore, as the judgment will be reversed upon another point, we will pass this. As to the further averment in said first paragraph, there is nothing showing the consideration inducing the promise to deliver up, &c. said notes, &c., if any existed; unless the compromise and execution of said notes was a sufficient precedent consideration, or the then agreement, that if the child was not born by a fixed day, imported a sufficient consideration. Perhaps the presumption would arise that the parties knew the law in reference to the period of gestation, and the facts, better than any one else, upon which the charge was predicated and suit instituted, a compromise of which was the consideration for the execution of said notes, &c. Under these circumstances could they, after such compromise, make a valid agreement, resting upon these considerations, whereby the notes were to be discharged in the event the child was not born until after the time agreed upon? If such agreement was valid, could it be set up as a defense to an action on the notes, &c.?

As to the second paragraph of the answer, it appears to us, in view of the authorities above cited, and the case of *Spahr* v. *Hollingshead*, 8 Blackf. 416, to be sufficient.

*Per Curiam.* — The judgment is reversed, with costs. Cause remanded, &c.

*J. Van Devanter* and *J. F. McDowell*, for the appellant.
*R. T. St. John*, for the appellee.