*H. W. Harrington* and *C. A. Korbly*, for appellants.

*C. E. Walker*, for appellees.

---

## TURNER *v.* YOUNG and Another.

GOLD CONTRACT.—CONSIDERATION.—A being indebted to B upon a promissory note, payable in gold, paid the debt in full in legal tender notes, and executed to B another note for one-half of the difference between the value of legal tender notes and gold.

*Held*, that there was no consideration for the last note.

APPEAL from the *Boone* Common Pleas.

GREGORY, J.—*Turner* sued *Young* and *Young* on a promissory note. The defense was want of consideration. The issue was tried by a jury. Verdict for the defendants. The plaintiff moved for a new trial, on the ground that the verdict was contrary to law and evidence. The only

question presented by the record is, does the evidence support the finding?· On the 15th of *June*, 1861, *William C. Young* borrowed of *James Turner*, the appellant, one thousand dollars in gold, and executed to him his two several notes, with *Robert F. Young* and *Allen Kinworthy* his sureties, one of which is as follows: "On or before the 25th day of *December* next, we, or either of us, promise to pay *James Turner*, or order, five hundred dollars, for value received of him, to be paid in twenty dollar gold pieces, with interest from date, without any relief from valuation or appraisement laws whatever. This 15th day of *June,* 1861." The other is the same, except as to the time of payment.

On the 25th of *March*, 1862, *Turner* obtained a judgment against *Young* and his sureties on these two notes for one thousand and fifteen dollars. *John V. Young* became replevin bail for the stay of execution. In *January*, 1863, *Turner* agreed to extend the time of payment of the judgment for one year, *Young* agreeing, at the expiration of the time, to pay the judgment in gold; and to induce *Kinworthy* to allow the judgment to stand, *Young* executed to him a deed for a lot in *Thorntown*, as an indemnity against his liability. *Kinworthy* executed a bond to *Young*,.conditioned to re-convey the lot on the payment by the latter of the judgment. On the 28th of *December*, 1863, *Turner* sued out an execution on the judgment, which came to the hands of the sheriff the next day. On the 17th of *February*, 1864, *Young's* wife paid to the sheriff the full amount of the judgment, interest and costs, in legal tender notes, which were received by the sheriff in full satisfaction of the judgment, and so returned by him to the clerk. *Young* demanded a reconveyance of the lot from *Kinworthy*. The latter refused to reconvey unless *Young* would satisfy *Turner* for his promise to pay the judgment in gold. After the judgment was paid, and before *Kinworthy* reconveyed the lot, the note in suit was executed by *William C. Young*, with *Robert F. Young*, his surety, to *Turner*, for one-half of the

difference between the value of gold and of the legal tender notes thus paid. Upon *Kinworthy* being informed by *Turner* that he was satisfied, the former reconveyed the lot to *Young's* wife. The only consideration as between *Turner*, the payee, and the makers of the note, was the premium on the gold. *Kinworthy* demanded nothing for himself, but refused to make the reconveyance unless *Young* would comply with his contract to *Turner* to pay the gold.

In the suit on the notes, the measure of damages was not the value of one thousand dollars in twenty dollar gold pieces, but one thousand dollars with interest from date. *Thayer* v. *Hedges et al.,* 23 Ind. 141. The judgment was therefore for the amount legally due. The payment to the sheriff in legal tender notes was a satisfaction of the judgment. The appellant received all the interest for the forbearance that the law allowed him to take. He could not have legally contracted for a greater rate of interest, either directly or indirectly. There was therefore no consideration for the note in suit in the case at bar, there being no debt due, but at most a mere dispute and controversy existing respecting it. *Edwards* v. *Baugh,* 11 Meeson & Welsby 641. *Kinworthy* was bound, under his bond, to reconvey the lot to *Young.* The conveyance to *Young's* wife was not the consideration of the note in suit; at least the jury were warranted in so finding under the evidence. *Turner's* own testimony was to the effect that the consideration of the note in question was one-half the difference between the value of gold and the legal tender notes paid to the sheriff in satisfaction of the judgment.

The case of *Edwards* v. *Baugh, supra,* was recognized and followed by this court in *Jarvis* v. *Sutton,* 3 Ind. 289.

The judgment is affirmed, with costs.

*A. J. Boone, M. M. Ray, J. W. Gordon* and *W. March,* for appellant.

*O. S. Hamilton* and *C. C. Galvin,* for appellees.