*A. Steele* and *R. T. St. John,* for appellees.

---

Coy and Others *v.* STUCKER and Others.

CONTRACT.— *Practice.*— *Parties.*—Written agreement as follows: "Whereas there is an action now pending in the Bartholomew Common Pleas Court, wherein A. is plaintiff and the undersigned *and others* are defendants,

Coy and Others *v.* Stucker and Others.

wherein said A. sues for money expended by said A. at their request in obtaining recruits under a call made by the President of the United States; and whereas the *undersigned* are desirous of compromising said cause and paying to said A. whatever sum may be found due him; and whereas B., C., and D. are trying to compromise said cause and ascertain the sum due to said A., in order to pay the same to him; now, therefore, we, *the undersigned*, agree to and with said B., C., and D. that if they should compromise said cause and ascertain the amount due to said A., upon any compromise they may make, to pay to said parties or to said A. the proportional interest due from each of the undersigned as the ascertained amount due to said A.; and should said B., C., and D. agree upon the amount due to said A. and pay the same to him, or in any way satisfy the same, each of the undersigned promise and agree to pay to him the proportional amount due from them, and severally promise to pay their several proportions of said amount that may have been so paid to said A., without relief from valuation or appraisement laws, and agree to indemnify them against all loss or damage in any way in making said compromise; and said B., C., and D. are left to compromise said cause in such manner as they may think best." Suit on this agreement against the signers thereof by B., C., and D., alleging a compromise by them with A. by giving him their note for a certain sum, which B. had paid with his own funds, &c.

*Held*, that the defendants were properly joined in the same action.

RELEASE.—The fact that defendant E. paid a certain portion of a judgment against the plaintiffs on said note, and defendants E. and F. became replevin bail on such judgment, upon the agreement of B. to release E. and F. from liability upon the contract in suit, was a good defense as to E. and F., but not available as to the other defendants.

SAME.—The release by the plaintiffs of any one originally liable in the action pending when the written contract was made, but not a party to such contract, could not avail as a defense to this action.

PAROL EVIDENCE.—*Contradiction of Written Contract.*—It could not be set up in defense to such suit on said agreement that there were other parties defendants in said action by A. than those who signed the agreement, and that plaintiffs agreed to get all said defendants to sign it, and failing to do so the agreement was to be void, and that it was upon that express condition it was delivered to plaintiffs.

PLEADING.—*Partial Defense.*—Answers by certain of the defendants alleging that the indebtedness, to compromise which the contract in suit was executed, was one in which the plaintiffs were equally involved with the defendants, and pleading certain payments made by these defendants, and asking that they might be considered in fixing the final liability.

*Held*, that the answers were good to the extent and purpose for which they were pleaded.

COMPROMISE.—*Doubtful Question of Law.*—Answer by one of the defendants that there was a doubtful question of law as to his liability under the con-

Coy and Others *v.* Stucker and Others.

tract in suit, and that a compromise was therefore made and a less sum given in discharge of a greater liability.

*Held,* that the answer was bad.

APPEAL from the Bartholomew Circuit Court.

RAY, J.—The appellants, Samuel Coy, William G. Whitcomb, and William T. Lee, sued Jeptha P. Stucker, John Long, Joseph Miller, William Gailey, William Long, John R. Lee, Hezekiah Wells, Benjamin F. Neville, William Doyle, John Becker, William H. Betz, Edwin C. Jones, John H. Kennedy, Alexander Pruitt, James A. Kennedy, Thomas R. Reaves, James Barnhill, and John Cobb.

The agreement upon which this action is based reads as follows:—

"Whereas there is an action now pending in the Bartholomew Common Pleas Court, wherein Thomas J. Kennedy is plaintiff, and the undersigned and others are defendants, wherein said Kennedy sues for money expended by said Kennedy at their request in obtaining recruits under a call made by the President of the United States; and whereas the undersigned are desirous of compromising said cause and paying to said Kennedy whatever sum may be found due him; and whereas Samuel Coy, William T. Lee, and William Whitcomb are trying to compromise said cause and ascertain the sum due to said Kennedy, in order to pay the same to him; now, therefore, we, the undersigned, agree to and with said Coy, Lee, and Whitcomb, that if they should compromise said cause, and ascertain the amount due to said Kennedy, upon any compromise they may make, to pay to said parties, or to said Kennedy, the proportional interest due from each of the undersigned as the ascertained amount due to said Kennedy; and should Coy, Lee, and Whitcomb agree upon the amount due to said Kennedy, and pay the same to him, or in any way satisfy the same, each of the undersigned promises and agrees to pay to him the proportional amount due from them, and severally promise to pay their several proportions of said amount that may have been so paid to said Kennedy, without re-

lief from valuation or appraisement laws, and agree to indemnify them against all loss or damage in any way in making said compromise; and said Coy, Lee, and Whitcomb are left to compromise such cause in such manner as they may think best."

The first cause of action alleges, that in pursuance of said agreement, plaintiffs did compromise said action, by giving their note to said Kennedy for $2,385.98, and that the said Coy had paid the same with his own funds, of all of which the defendants had notice.

The second cause of action is the same as the first, except that it avers, that Coy paid $1,449.06 over and above all sums paid to himself, Kennedy, his co-plaintiffs, or any one else authorized to receive the money; that his co-plaintiffs had paid nothing; and avers notice and demand.

The point was made below and put in various shapes, that the agreement is a several one, binding the parties severally to pay only their proportional shares of the amount agreed upon by plaintiffs, and that therefore the defendants were improperly joined in the same action.

The first error assigned and considered by appellants is the action of the court on the demurrers filed to the second paragraphs of the several answers.

The second paragraphs of defendants' answers set up, that there were other parties defendants in said action by said Thomas J. Kennedy than those who signed said agreement; and that plaintiffs agreed to get all of said defendants to sign it, and failing to do so, the agreement was to be void and of no effect; and that it was upon that express condition and understanding that it was delivered to plaintiffs.

The third paragraphs of defendants' separate answers aver, that in consideration that the defendant John H. Kennedy would pay three hundred dollars on the judgment against plaintiffs on said note given to Thomas J. Kennedy, and that said John H. Kennedy and the defendants Neville and Pruitt would become replevin bail for the stay of execution on said judgment, said Coy agreed to release said de-

fendants Kennedy, Neville and Pruitt, from all further lia-
bility on said agreement; and that said three hundred dol-
lars was paid by said Kennedy, and said parties did become
said replevin bail.

Demurrers were overruled, not only to the answers of
Kennedy, Neville, and Pruitt, but also to the answers of the
other defendants, who claimed that the alleged release of
Kennedy, Neville, and Pruitt released them also.

The fourth paragraphs of answer of Kennedy, Neville,
and Pruitt are substantially the same as the third para-
graphs.

Demurrers were overruled to these second, third, and
fourth paragraphs of answer.

The contract, so far as it agrees to indemnify, is a joint
contract, and the parties are bound by its terms to make
good any loss sustained by the plaintiffs by reason of the
insolvency of any one of said parties.

The second paragraph of the answer is in direct contra-
diction to the written contract, which asserts that the un-
dersigned and others are defendants in the action pending
in the Bartholomew Common Pleas Court. In the face of
this express declaration in the contract, it will not be per-
mitted that a parol agreement shall be set up, that the " oth-
ers," were to sign the agreement before it should be bind-
ing upon the "undersigned."

It will not avail to cite decisions where parol evidence
has been allowed to control the effect of an instrument in
form a deed. The peculiar advantages possessed by the
lender over the borrower and the legal forms under which
the equitable rights of the mortgagor were sought to be
smothered, compelled the court of equity either to yield her
jurisdiction or break through legal forms and, disregarding
technical scruples and difficulties, determine from proof
whether a loan was the origin of the instrument, and if that
were once established, to recognize and declare the equitable
rights of the parties. But this "splendid instance," as
Chancellor KENT styles it, "of the triumph of equitable prin-

ciples over technical rules and the homage which these principles have received by their adoption in the courts of law," must not be relied upon to authorize parol evidence to be employed to contradict the express terms of contracts where no such relation of lender and borrower exists.

The demurrer should have been sustained to this paragraph.

The third paragraph of the answer was also bad. The liability as to each person was also several, the agreement being to pay in proportion to the share of each; and a discharge of John H. Kennedy, Neville, and Pruit, therefore, could not work a discharge of the other defendants from their several liabilities. The answer was only good as to those who became replevin bail under the agreement. The third paragraph of the answer of John H. Kennedy, Neville, and Pruitt, to the same effect, was good.

The plaintiffs could make a valid contract to pay a consideration for replevin bail on the judgment, and the agreement therefore to release John H. Kennedy, Neville, and Pruitt, on their securing the postponement of the collection of the judgment and John H. Kennedy paying on the same the sum of three hundred dollars, was a good defense to the action in favor of the said Kennedy, Neville, and Pruitt, though not available as to the other defendants.

The fourth paragraph of the answer of said John H. Kennedy, Neville, and Pruitt, is also good, for the same reason.

The appellees also assign cross errors upon the sustaining of demurrers to the several pleas in abatement; but what we have already said as to the joint and several liability of the defendants under the contract sustains the action of the court below.

Demurrers were sustained to the fifth paragraphs of the answers of John Long, James A. Kennedy, William Long, Gailey, Lee, Wells, Becker, Betz, Jones, Reaves, Barnhill, and Cobb. That paragraph alleges, that the indebtedness, to compromise which the contract in suit was executed,

was one in which the plaintiffs were equally involved with the defendants, and pleads certain payments made and asks that they may be considered in fixing the final liability. We think the paragraphs good to the extent and purpose for which they are pleaded. The demurrer should have been overruled.

A demurrer was also sustained to the sixth paragraph of Benjamin F. Neville's answer. This ruling was correct. The plea was, that the payment of one hundred dollars discharged the liability. The contract was to pay the plaintiffs or Kennedy, upon the amount being fixed, and the breach of the contract therefore occurred then, and the payment of a less sum did not discharge the liability. .

There is also a seventh paragraph of the answer of John Long which alleges, that. there was a doubtful question of law as to the liability of the defendant under the contract; that a compromise was thereupon made and a less sum given in discharge of a greater liability. This paragraph was bad, as the construction of the written instrument in suit does not present a question of doubt authorizing a compromise of a given sum for a less. The eighth paragraph of Pruitt and John H. Kennedy's answer is bad, for the same reason.

There are other errors assigned in rulings upon demurrers, but we have already exhausted the abstract, as effectually as the appellees have exhausted language, which fortunately has limits, in the construction of the answers filed. We have been bewildered by the multitude of words, and, in doubt to which paragraphed mass the remark should apply, we make it to the answers in general, that the release by the plaintiffs of any one originally liable in the action pending when this contract was made, but not a party to the written contract, does not discharge the person so released from his liability to contribute his full share of such original liability upon the demand of the · defendants in this action; and therefore such release cannot avail the defendants here.

The judgment is reversed, and the cause remanded for further proceedings in accordance with this opinion.

*S. Stansifer* and *F. Winter*, for appellants.

*F. T. Hord*, for appellees.