## J. H. COSTELLO v. JOHN WILHELM.

DEFENSE; PLEADING; *Parol Agreement to Extend Day of Payment of Promissory Note.* In an action on a promissory note, the defendants answered that by a parol agreement of the parties, afterward made, the note was to be paid at maturity if convenient and practicable, but if not convenient and practicable then that the time for the payment of the same should be extended until the defendants should receive certain moneys, which, as they alleged, they had not received when they filed this answer. But the answer did not state any sufficient consideration for said agreement, and it did not allege that it was either inconvenient or impracticable for the defendants to pay said note at the time it became due. On demurrer, *held*, that said answer did not state facts sufficient to constitute a defense to the plaintiff's action.

### *Error from Marion District Court.*

ACTION by *Wilhelm* against *Costello* and others on a promissory note given by defendants to plaintiff. The case was heard upon a demurrer to the answer, at the April Term 1873 of the district court. The demurrer was sustained. Afterward judgment was entered as follows:

(*Title.*) "Now at this day this cause came on to be further heard, and the defendants having filed no amended answer, after leave therefor having been granted by the court, and the court having heard the evidence in said cause and considered the same, it is considered and adjudged by the court that the plaintiff have and recover of and from the defendants the sum of $400, the principal of said note, and the further sum of $21.59 as interest thereon, and his costs of collection $40, and his costs in his suit herein taxed at $——. And hereof let execution issue."

Other facts are stated in the opinion. The defendants bring the case here on error.

*Martin & Case,* and *J. W. Williams,* for plaintiffs in error. No brief on file.

*Peters & Case,* for defendant in error:

The demurrer was properly sustained. The subsequent oral agreement was a separate and distinct contract from the written note. It must therefore stand or fall upon its own merits. It cannot derive any of its legal requisites from the written contract. Without any consideration the oral agreement is a nullity. (1 Pars. on Contr., 8; 1 Kas., 285.) No consideration is alleged or stated in the answer. The existence of a fact required by law to be proved, will not be presumed. When the law presumes a fact it need not be stated in the pleading. (1 Chitty Pl., 221.) The converse of this is equally true, viz., when the law does not presume a fact, it must be stated in the pleading.

The opinion of the court was delivered by

VALENTINE, J.: This was an action on a promissory note given by the plaintiffs in error, defendants below, to the defendant in error. The defendants below answered, setting forth in their answer substantially, that after said note was given a parol agreement was entered into between the parties that the note should be paid at maturity if convenient and practicable, but if not convenient and practicable then that the time for

the payment of the same should be extended until the defendant's should receive certain moneys, which, as they allege, they had not yet received when they filed their answer. The plaintiff below demurred to said answer on the ground that it did not state facts sufficient to constitute a defense to the plaintiff's cause of action. The court below sustained said demurrer and then granted leave to the defendants to amend their answer; but the defendants failing to so amend, the court then rendered judgment for the plaintiff and against the defendants for the amount of the note with interest and costs. The defendants now bring the case to this court, and ask a reversal of said judgment. The only error that they assign in their petition in error is, "That the court erred in sustaining the demurrer of the said plaintiff to the answer of the said defendants." We do not think that the court erred in sustaining said demurrer. First, there is no sufficient consideration alleged in said answer to uphold said agreement. Second, it is nowhere alleged in said answer that it was either inconvenient or impracticable for the defendants to pay said note at the time the same became due. It is true, the defendants allege that this agreement was made at a time when the plaintiff and one of the defendants were settling up sundry matters between themselves; and it is also true that they allege that this particular defendant at the time of making the settlement paid certain moneys to the plaintiff; but there is no such connection alleged between said settlement and the payment of said moneys on the one side, and the agreement of the plaintiff to extend the time for the payment of said note on the other side, as would constitute one a consideration for the other.

We are not required in this case to determine whether the plaintiff was entitled to recover for all that he asked or not. For treating the answer as an answer it did not state any *facts* which would defeat the plaintiff's cause of action, or any portion thereof. But if it were treated as a demurrer then it would apply to the whole of the plaintiff's petition, which unquestionably stated a good cause of action, whether the

plaintiff was entitled to recover for all that he asked or not; therefore in whatever way the answer may be considered it cannot be sustained. Neither do we think that we are called upon, under the assignment of error in this case, to consider the question whether the court below erred in rendering a judgment for forty dollars, "costs of collection." No judgment for any other amount as costs seems, however, to have been rendered, and hence it would not seem that there was any error.

The judgment of the court below is affirmed.

All the Justices concurring.