Smith *et al. v.* Boruff.

No. 7787.

SMITH ET AL. *v.* BORUFF.

PROMISSORY NOTE.—*Consideration.*—*Satisfaction of Mortgage.*—*Agreement to Surrender on Settlement.*—*Evidence.*—Where a mortgagor, to procure a release and satisfaction of the mortgage, and thereby secure a needed loan and save himself from financial ruin, executed the note sued on upon the agreement of his mortgagee, the payee, that if, upon settlement, it appeared that the mortgage note had in fact been paid as by him claimed, he would surrender it, the trial court erred in excluding evidence offered by the defendant, tending to prove that the mortgage note had been fully paid before the note sued on was given, and that the latter was without consideration.

SAME.—*Consideration Open to Inquiry.*—*Parol Evidence.*—The consideration of a written contract is open to inquiry, and the consideration of a promissory note, or the want of it, may be shown by parol evidence.

SAME.—The surrender of a satisfied note and the cancellation of a mortgage given to secure it are not alone sufficient considerations to support a new note for a sum claimed to be due on the old note.

SAME.—*Promise of Party Legally Bound.*—Where a party is legally bound to do a thing, as to enter satisfaction of a mortgage when payment has been made, a promise made to induce him to do it is without consideration.

SAME. — *Agreement to Inquire into Consideration.—Evidence.* —Evidence that, at the time a new note was executed, the parties reserved the right to inquire into its consideration, is proper.

SAME. — *Compromise.* — *Executory Contract.* — *Colorable Ground.* —There must be at least a colorable ground of a claim, in law or in fact, to sustain an executory contract, given as a compromise of it.

SAME.—A creditor can not, by denying payments he has received, create a controversy which will support a promise by his debtor to pay him again, in whole or in part, as the price of doing that which law and equity require him to do without further compensation.

From the Monroe Circuit Court.

*J. W. Buskirk* and *H. C. Duncan,* for appellants.

*D. E. Beem, W. Hickman, J. H. Louden* and *R. W. Miers,* for appellee.

NEWCOMB, C.—This is an appeal from a judgment on a promissory note given to the appellee by the appellants.

The only error assigned, that is insisted upon, is the overruling of the motion of appellants for a new trial. The defendants answered, *inter alia,* that the note was given without any consideration whatever. Other paragraphs alleged that the consideration of the note had failed, and gave a history of the circumstances which led to its execution, as follows: That one Hillary Campbell had been indebted to the plaintiff on a promissory note, secured by a mortgage of real estate; that Campbell paid a part of the amount of the note, and then sold the mortgaged premises to the defendant Smith, who, as a part of the purchase-money, agreed to pay the residue of said note and mortgage; that he, Smith, did afterward pay to the plaintiff the full amount of interest and principal thereof, but said mortgage was not released of record; that, subsequent to the payment of said note, the defendant Smith became financially embarrassed, and found it necessary for him to mortgage the land so purchased of Campbell, with other lands, in order to

procure a loan of money, and, to do this, it was essential to have a release of the Campbell mortgage; that he applied to the plaintiff to execute such release, but the latter refused, and claimed that there was still due him $283 on Campbell's note. This Smith denied, and insisted that said note had been wholly paid; but in order to procure a satisfaction of record of the mortgage, and thus secure the needed loan and save himself from financial ruin, he executed the note sued on, with his co-defendant as surety thereon; that it was agreed between Smith and the plaintiff when the note was executed, that if the note of Hillary Campbell had in fact been paid, which was to be determined by a settlement to be had between them, the plaintiff would surrender the new note; that plaintiff had refused to make such settlement, though often requested so to do, wherefore the consideration of said note had failed. The plaintiff replied to the several answers by a general denial

At the trial the defendants offered evidence that the Hillary Campbell note had been fully paid before the execution of the note sued on; but, on the objection of the plaintiff, the evidence was excluded, to which the defendants excepted.

The grounds on which this evidence was excluded seem to have been that it was an attempt to contradict by parol proof the terms of the note, and that the surrender of the Campbell note, with the release of the mortgage by which it had been secured, was a sufficient consideration to support the note in suit. The instructions to the jury embodied the same theories.

It is a fundamental principle of the law of evidence, that the terms of a written contract can not be contradicted or varied by a contemporaneous verbal agreement; but the doctrine is equally well settled, that the consideration of a written contract is open to inquiry, and that the consideration, or the want of it, may be shown by parol testimony.

If the Campbell note had been fully paid before the ex-

ecution of the note sued on, the latter was without consideration, unless the surrender of the satisfied note and the cancellation of the mortgage were sufficient considerations to support it.

We think the propositions self-evident, that when a note has been paid it ceases to have any value as a basis for a new promise in consideration of its surrender to the maker, and that a mortgage made to secure such note is by the act of payment discharged and satisfied, and becomes *functus officio. Ledyard* v. *Chapin,* 6 Ind. 320, and *Francis* v. *Porter,* 7 Ind. 213. It follows that if the holder of a note and mortgage that have been paid exacts a new note as a condition of cancelling them, such note is without consideration. Indeed, so far as the mortgage is concerned, the statute imposes upon the mortgagee the duty of entering satisfaction of it of record, when he has received payment, and is requested so to do by the mortgagor. 2 R. S. 1876, p. 334, sec. 5. And the general rule of law is, that, where a party is legally bound to do a thing, a promise made to induce him to do it is without consideration. *Reynolds* v. *Nugent,* 25 Ind. 328; *Ritenour* v. *Mathews,* 42 Ind. 7; *Fensler* v. *Prather,* 43 Ind. 119.

The court gave the following instruction to the jury : "If you find that there was a controversy between Boruff and Smith as to whether the mortgage and note that Boruff held on Campbell was paid, and that Boruff refused to give up and cancel the note and mortgage to Smith, until he, Smith, or Campbell paid what he claimed was due on it, and Smith and Campbell, protesting that they did not owe the note, yet for the purpose of having their land released from the said mortgage, did execute the note in suit, and Boruff thereupon surrendered the note and mortgage, the note would be upon a sufficient consideration. The consideration in such case is the settling of the controversy, and the surrender of the old note and mortgage."

As we have seen, the surrender of the Campbell note and mortgage after they had been paid was not a consideration that could vitalize the new note.

As to the charge that the settlement of the controversy was a sufficient consideration, we may make two observations :

1st. The charge ignores the allegations of the answer and the evidence offered in its support, that the note was not given as a final settlement of the supposed dispute, but that by the terms of the agreement under which it was executed, the parties reserved the right to further inquire into its consideration.

2d. That there must be at least a colorable ground of a claim, in law or in fact, to sustain an executory contract, given as a compromise of it. Can this be the case when the holder of a note has himself received payment thereof, and, notwithstanding such payment, insists on holding on to a security and to the note secured, the helpless debtor protesting meanwhile that payment has been made? It is not laying down too stringent a rule, in such a case, that the creditor shall be held to have knowledge of payments that he has received, and that he can not, by denying such payments, create a controversy which will support a promise to pay him a second time, in whole or in part, as the price of doing that which the law, and equity and good conscience, require that he shall do without further compensation. In *Jarvis* v. *Sutton*, 3 Ind. 289, it is said: "It is true a compromise of doubtful claims may be sufficient to found a consideration upon, but in such cases there must be a surrender of some legal benefit which the other party might have retained. In other words, there must be some consideration for a compromise, as well as for any other contract, if it is unexecuted and remains to be enforced. A promise to give something for the compromise of a claim,* for which there is no legal foundation whatever, is not sufficient to sustain a suit at law." See, also, *Schnell* v. *Nell*, 17 Ind. 29 ; *Coy*

v. *Stucker*, 31 Ind. 161; *Spahr* v. *Hollingshead*, 8 Blackf. 415. For the error of the circuit court in excluding competent evidence, and giving the instruction above set forth, the judgment ought to be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be, and it is hereby, in all things reversed, at the costs of the appellee, and that said cause be remanded to the Monroe Circuit Court, with instructions to sustain the motion of the appellants for a new trial.