Filed June 22, 1886.

---

No. 12,537.

## HARRIS ET AL. v. CASSADY.

MORTGAGE.—*Consideration.*—The promise of one to pay a debt for which
he is already liable as surety is not a sufficient consideration to sup-
port a mortgage.

SAME.—*Release of Groundless Claim.*—Where a claim is without foundation,
a release will not constitute a valid consideration for a mortgage.

From the Clay Circuit Court.

*S. C. Stimson, R. B. Stimson, H. D. Roquet, G. A. Knight*
and *C. A. Knight*, for appellants.

*B. E. Rhoads, E. F. Williams, J. McNutt* and *J. Q. Cor-*
*nell*, for appellee.

ELLIOTT, J.—The trial court, upon proper request, made
the following special finding of facts and stated the follow-
ing conclusions of law:

" 1st. That on the 25th day of February, 1882, Sarah C.
Gray recovered a judgment in the Vigo Superior Court for
the sum of $1,059.14, with costs of said suit, against John B.
Cassady, Marion K. Cassady, Henry C. Robinson, Alexander

Crews and Richard J. Harris, in which judgment it was decreed that the said Robinson, Crews and Harris were sureties for said other defendants, and an order was made therein to exhaust the property of Cassady and Cassady before resort is had to the property of said Robinson, Crews and Harris.

"2d. An execution was issued upon said judgment and placed in the hands of the sheriff of Vigo county, who, on the 1st day of August, 1882, levied said writ upon one Bucyrus Steam Engine and one Runeley Separator, with belts and fixtures combined, which was the property of the defendant in this action, and in which the execution defendants had no interest, which property was turned out to the sheriff by these plaintiffs as the property of the execution defendants.

"3. That on the 24th day of August, 1882, the defendants herein agreed with the plaintiffs to execute a mortgage upon the land now in controversy, in consideration that they would pay said execution and release said levy. And that they would meet at the office of Dunnigan & Stimson, in Terre Haute, on the 26th day of said month to consummate said agreement; that in pursuance of said agreement they did meet on that day, when the defendant refused to consummate said agreement; that afterwards, on the same day, he agreed with Richard Dunnigan, one of the attorneys of these plaintiffs, that he would sign said mortgage, and that the same should not constitute a lien upon his land unless he was enabled to and did redeem certain land of his brother, which had prior thereto been sold at sheriff's sale; that after parting with the said Dunnigan he agreed with Stimson, another of plaintiffs' attorneys, to execute the note and mortgage in suit in pursuance of the original agreement with the plaintiffs, and did execute said mortgage, and agreed to execute the note when these plaintiffs should pay off said execution and release said levy; that upon the delivery of said mortgage to these plaintiffs they did pay off said execution as sureties of the said other execution defendants, which fact appears on said

execution, and released said levy, but the defendant herein declined and refused to execute said note.

"4th. That the mistake alleged in the complaint exists, and that the same is mutual, and that it occurred through the inadvertence of the scrivener who drew said mortgage.

"5th. That the debt in controversy now amounts to the sum of $1,294.40.

"And the court finds as conclusions of law on the above facts, that the mortgage in suit is without any consideration, and that the plaintiffs are not entitled to have the same foreclosed against the property therein described ; and the court finds for the defendant."

It appears from the special finding that appellants were liable as sureties on the judgment under which the appellee's property was seized, and as they were bound for this judgment they yielded no consideration by the agreement to pay what they were already held liable to pay by the judgment of the court.   There was no question as to their liability for the debt they undertook to pay, for that was settled by the judgment in the action brought by Sarah C. Gray.   We understand the law to be well settled, that a promise to pay a debt for which the promisor is already bound does not constitute a sufficient consideration to support a contract. · *Laboyteaux* v. *Swigart,* 103 Ind. 596; *Smith* v. *Boruff,* 75 Ind. 412 ; *Fensler* v. *Prather,* 43 Ind. 119; *Ritenour* v. *Mathews,* 42 Ind. 7 ; *Reynolds* v. *Nugent,* 25 Ind. 328.   It is evident, therefore, that the promise of the appellants to pay their own debt is not such a consideration as will support the mortgage declared on in this suit.

The special finding shows that the appellee was the absolute owner of the personal property levied on at the instance of the appellants, and, as he was the owner, the sheriff had no right to seize it under a judgment rendered against other persons.   It is too clear for argument that the seizure of appellee's property to pay the judgment against the appellants and their principals, was wrongful and illegal.   There was,

.according to the statements of the finding, no foundation for the claim asserted against the property of the appellee, and, as there was no foundation for the claim, the release of the levy constituted no consideration for the mortgage. Where a claim is, as here, entirely without foundation, a release will not constitute a valid consideration. *Bridges* v. *Blake,* 106 Ind. 332; *Warey* v. *Forst,* 102 Ind. 205; *Smith* v. *Boruff, supra; Jarvis* v. *Sutton,* 3 Ind. 289; *Spahr* v. *Hollingshead,* 8 Blackf. 415; *Wade* v. *Simeon,* 2 C. B. 548; *Jones* v. *Ashburnham,* 4 East, 455; *Cabot* v. *Haskins,* 3 Pick. 83; *Martin* v. *Black,* 20 Ala. 309; *New Hampshire Savings Bank* v. *Colcord,* 15 N. H. 119; *Davisson* v. *Ford,* 23 W. Va. 617, *vide* p. 627.

Where there is a dispute, and the claim asserted is not entirely groundless, then a promise to forbear the prosecution of the claim is founded on a sufficient consideration. *Wray* v. *Chandler,* 64 Ind. 146; *Sanford* v. *Freeman,* 5 Ind. 129; *Luark* v. *Malone,* 34 Ind. 444; *Nicewanger* v. *Bevard,* 17 Ind. 621. It is not necessary that the claim asserted should be a legal one, but it is necessary that it must have some foundation in law or in equity, and here there is no such foundation. If the claim asserted by the appellants appeared to have any foundation, the cases of *Henry* v. *Ritenour,* 31 Ind. 136, *Cronkhite* v. *White,* 25 Ind. 418, *Thompson* v. *Nelson,* 28 Ind. 431, and *Harter* v. *Johnson,* 16 Ind. 271, would exert an important influence upon the case; but, for the reason that the claim as stated in the special finding appears on its face to be foundationless, these, and kindred cases, have here no controlling influence.

We do not doubt that an agreement by a creditor to release a debtor will constitute a valid consideration for a contract. *Crowder* v. *Reed,* 80 Ind. 1; *Kester* v. *Hulman,* 65 Ind. 100. But here there was no release of a debtor; the utmost that can be said is that there was a release of a void levy.

Nor do we doubt that an agreement by a creditor to extend

the time of payment of a debt is a valid consideration. *Wills* v. *Ross*, 77 Ind. 1 (40 Am. R. 279). In this case there was no agreement to extend the time of payment of a debt, for, as the special finding shows, the only agreement was that the void levy should be released, and that the appellants should pay their own debt.

We can not disturb the finding of the court, as the evidence gives it ample support on all the material points.

Judgment affirmed.

Filed June 19, 1886.