No. 15,449.

## DAVIS ET AL. *v.* STOUT.

PROMISSORY NOTE.— *Time of Payment.*— *Agreement to Extend.*— *Invalidity of.*— *Absence of Consideration.*— An agreement in writing entered into by the payee of a promissory note, after the principal and interest were due, reciting that in consideration of the payment of certain sums at stipulated times, and to avoid litigation and other considerations, the time of the payment of the note was to be extended to a date mentioned therein, and a suit pending on the note dismissed, is not a valid contract, being without consideration, and there being no extrinsic averments showing a valid consideration for the agreement of forbearance.

SAME.— *Contract of Extension Without Consideration.*— *Surety Not Released.*— A contract of extension founded upon a consideration will release the surety, but where there is no consideration for the contract the surety will not be released.

SAME.— *Rate of Interest.*— *Can not be Changed by Parol.*— The terms of a promissory note can not be varied or contradicted by parol. When a note provides for a certain rate of interest it can not be shown by parol that after its execution a lesser rate of interest was agreed upon.

From the Bartholomew Circuit Court.

*F. T. Hord* and *M. D. Emig,* for appellants.

*M. Hacker* and *C. F. Remy,* for appellee.

ELLIOTT, J.—The promissory note upon which the appellee's complaint is founded was executed by Jacob Davis, as principal, and by Eliza J. Davis, as surety. It was executed in April, 1878, and became due May 4th, 1878.

The principal debtor sets forth in his answer this contract with the payee :

"Nov. 29th, 1886. In consideration of the payment of three hundred dollars, the receipt of which is hereby acknowledged, and three hundred on or before May the 1st, 1887, and three hundred dollars August 1st, 1887, and balance on or before December 25th, 1887, and to avoid litigation, and other considerations, the time on note held against Jacob Davis and Eliza J. Davis is to be extended to the above stipulated time, and suit now pending in Bartholomew Circuit Court dismissed.                    ABNER STOUT."

Counsel argue that the contract evidences a re-loan of the money to Jacob Davis, and that it merges the original note so that no action can be maintained upon it. This contention can not prevail. The words of the instrument are that " the time on the note held against Jacob Davis and Eliza J. Davis is to be extended to the above stipulated time," and there can be no doubt as to their meaning and effect. They do not extinguish the note; on the contrary, they expressly continue it in force, and provide for an extension of the time of payment. If, therefore, it should be granted that the contract extending the time of payment is effective, still the note itself is not extinguished.

The contract is not valid, for the reason that it is without consideration. It does not belong to the class of contracts in which a consideration is implied, nor do the recitals show a consideration; neither is there any extrinsic averment showing a valid consideration for the agreement of forbearance. The principal and interest of the note were due when the payments were made, and the agreement extending the time of payment entered into; hence, it is plain that the payors of the note neither did anything they were not already under a binding and legal obligation to do, nor undertook to do anything that they were not already bound to perform. *Harris* v. *Cassady*, 107 Ind. 158; *Laboyteaux* v. *Swigart*, 103 Ind. 596; *Fensler* v. *Prather*, 43 Ind. 119; *Ritenour* v. *Mathews*, 42 Ind. 7; *Reynolds* v. *Nugent,* ·25 Ind. 328.

It does not appear, either in the recitals of the contract, or by extrinsic averments, that the payors of the note had any defence; but, for aught that is alleged, their claim was utterly groundless; and it is well settled that a foundationless claim will not support an agreement of compromise. *Harris* v. *Cassady, supra*, and cases cited; *Smith* v. *Boruff*, 75 Ind. 412. An agreement of compromise, or of forbearance, requires a consideration. *Holmes* v. *Boyd*, 90 Ind. 332; *Henry* v. *Gilliland*, 103 Ind. 177 ; *Roberts* v. *Richardson*, 39

Iowa, 290; *Costello* v. *Wilhelm,* 13 Kan. 229; *Dillon* v. *Russell,* 5 Neb. 484. What we have said fully disposes of the case as to the principal debtor.

The surety is in no better situation than her principal, if it be true that the contract of forbearance was without consideration ; for, while it is true that a contract of extension founded upon a consideration will release the surety, it is also true that where there is no consideration for the contract the surety will not be released. *Holmes* v. *Boyd, supra* ; *Henry* v. *Gilliland, supra ; Cates* v. *Thayer,* 93 Ind. 156 ; *Hume* v. *Mazelin,* 84 Ind. 574.

The terms of a promissory note can not be varied or contradicted by parol ; and, hence, it was not competent for the defendants to aver that the note drew only six per cent. interest, for the note fixes the rate of interest at ten per cent. Nor was it competent for the parties to vary the subsequent written contract, if it be conceded to be a valid one ; and as that contract does not provide that the rate of interest shall be less than that fixed by the note, parol evidence was not admissible upon that point. The subsequent writing does, indeed, purport to confirm and continue the note, and all its incidents, in force ; and the utmost that can be said, conceding it to be valid, is that it assumes to extend the time of payment. Granting that the written contract is in force, the appellants can not be heard to say that it changes the rate of interest fixed by the note ; but, as we have already shown, there is no such contract in force, and, hence, the terms of the original contract remain unchanged.

It would avail the appellants nothing if it were held that there is a valid contract binding them to pay ten per cent. interest; their original contract already bound them to do that, so that there was no agreement on their part to do anything they were not already legally bound to do. *Shaw* v. *Rigby,* 84 Ind. 375 ; *Gale* v. *Corey,* 112 Ind. 39.

Judgment affirmed.

Filed Nov. 13, 1890.