Filed November 19, 1895.

---

No. 1,729.

## SWEITZER v. HEASLEY.

APPELLATE COURT PRACTICE.—*Conclusions of Law.—Exceptions.*— Conclusions of law are reviewable on appeal only when exceptions thereto have been properly filed; the appeal from an order denying a motion to modify such conclusions raises no question.

CONCLUSIONS OF LAW.—*Joint Exception.*—An exception to two conclusions does not present for review the correctness of them severally.

COMPROMISE. — *Claim. — Colorable Ground.— Consideration.— Contract.*—To render valid and enforceable by the promisee an executory contract made in compromise of a disputed claim, it is sufficient that the claim had some colorable ground. It is not necessary to show that it gave a valid and enforceable cause of action.

From the Elkhart Circuit Court.

*Chamberlain & Turner* and *Stephens & Stephens,* for appellant.

*R. M. Johnson,* for appellee.

GAVIN, J.—Appellant's position is that a certain contract of compromise was ineffective and without consideration, because it is established by a long line of authorities, that the compromise of an unenforceable claim can form no consideration for a promise.

We do not regard this as a correct statement of the law in Indiana, even if it be such in some jurisdictions.

If the language used by the court in *Jarvis* v. *Sutton*, 3 Ind. 289, is to be given such a construction, which we very much doubt, it has been discredited by subsequent decisions.

In *Thompson* v. *Nelson*, 28 Ind. 431, there was in reality no legal claim, yet the party believed, and had good reason to believe, that there was. The compromise of the suit thereon was held a sufficient consideration for a note. The court says: "The most that can be claimed by the plaintiff, * * is that it was a doubtful one; and the compromise of a pending suit upon a doubtful claim is a good consideration for a promise."

In *Harris* v. *Cassady*, 107 Ind. 158, the court says: "It is not necessary that the claim asserted should be a legal one, but it is necessary that it must have some foundation in law or in equity. * * If the claim asserted by the appellants appeared to have any foundation, the cases of *Henry* v. *Ritenour*, 31 Ind. 136; *Cronkhite* v. *White*, 25 Ind. 418; *Thompson* v. *Nelson*, 28 Ind. 431, and *Harter* v. *Johnson*, 16 Ind. 271, would exert an important influence upon the case; but for the reason that the claim as stated in the special finding appears on its face to be foundationless, these, and kindred cases, can have here no controlling influence."

As expressed in *Smith* v. *Boruff*, 75 Ind. 412, "There must be at least a colorable ground of a claim, in law or in fact, to sustain an executory contract given as a compromise of it."

In *Emery* v. *Royal*, 117 Ind. 299 (305), it is thus stated: "The claim or demand must be one the enforcement of which in the courts is doubtful."

In *U. S. Mort. Co.* v. *Henderson*, 111 Ind. 24, the supreme court, upon a consideration of the authorities, says, in substance: The claim compromised must have

been at least doubtful, and there must have been some colorable ground of dispute and some legal or equitable foundation for the claim. In order that a compromise may constitute a sufficient consideration for the enforcement of an executory contract, there must have been an actual *bona fide* claim, founded upon a colorable right, about which there was room for honest doubt and actual dispute. As held in that case, and in *Warey* v. *Forst*, 102 Ind. 205, and *Baldwin* v. *Hutchinson*, 8 Ind. App. 454, the mere belief of the complainant in his cause of action is not sufficient. If, however, to sustain a contract of compromise the party must show he had a valid and enforceable cause of action, there would be no inducement to compromise the matters in dispute.

In the recent case of *Bement* v. *May*, 135 Ind. 664, the supreme court, by McCabe, judge, decides the proposition adversely to appellant's contention.

We think it clear from the facts that at the time of the making of the compromise contract each of the parties thereto believed in good faith, and with good reason, that appellee had, against appellant, a valid claim for damages upon his covenants of warranty. In that event the contract was rightly upheld.

Were we, however, in error in this view of the facts, appellant is in no situation to obtain relief.

A motion to modify conclusions of law raises no question thereon. They can only be questioned by exceptions thereto. *Radabaugh* v. *Silvers, Admr.*, 135 Ind. 605.

The exception to the two conclusions, even if made at the proper time, does not present for review the correctness of each of such conclusions severally, under the ruling in the case of *Saunders* v. *Montgomery* (Ind. Sup.), 41 N. E. Rep. 453.

Note.—How far a claim must be doubtful in order to sustain a compromise, is considered, with a review of the authorities, in a note to *Morgan* v. *Hodges* (Mich), 15 L. R. A. 438.