## W. W. WALLACE, APPELLANT, *v.* FRANK D. RICHARDS ET AL., RESPONDENTS.

PROMISSORY NOTE — CONTEMPORANEOUS AGREEMENT TO EXTEND PAYMENT — CONSIDERATION FOR EXTENSION—AGENCY.

Defendant Richards solicited M. to procure a loan for him. M. procured the loan from the plaintiff, and defendant Richards, with Sells and Fisher, signed the note as joint makers, but Sells and Fisher were in fact accommodation makers, and Richards received all the money, but plaintiff, a non-resident, was not informed of these facts. Richards gave testimony tending to show that, before and at the time the loan was made, M. agreed to extend the note one or two years, if he desired it, and when the note was due M. gave him to understand that the note could be extended. No consideration was paid for such agreement, and it was not shown that M. had any author-

ity to extend the payment, or do anything beyond loaning the money for plaintiff on the note. Interest was not demanded until six months after it was due. Defendant Richards wrote the note himself and did not include therein the agreement as to an extension. *Held,* that plaintiff's motion, at the close of defendant's case, to strike out the testimony, because no agency was shown on the part of M., and no consideration paid for the promised extension, and the agreement was contemporaneous with the making of the note, and varied the terms of the written instrument, should have been granted.

*Held,* further, that, if the agreement to extend was contemporaneous, the agreement must be in writing, unless it is intended to show that by accident, fraud, or mistake, the agreement was unintentionally omitted from the instrument. If the agreement was made before the execution of the note, it follows that all the negotiations are presumed to be embodied within the instrument, in the absence of fraud or mistake. If the agreement was made afterwards, it would not avail the defendant, because no definite time was fixed or agreed upon for the extension, and no consideration was paid therefor. What M. said concerning the extension or renewal of the note was incompetent, as he was not shown to be the agent of the plaintiff for that purpose.

*Liability of Sureties.*

It was competent for defendants S. and F. to show that they were accommodation makers, but this relation, when shown, would not relieve them, as sureties, from responsibility, because the note was not presented for payment until after it was due, unless an extension of time had been granted to the principal maker by the owner and payee of the note, or by his direction, for a valuable consideration, and for a time reasonably certain, without the knowledge and consent of the sureties.

(No. 852. Decided Oct. 9, 1897.)

Appeal from the Second district court, Weber county. H. H. Rolapp, *Judge.*

Action on a promissory note by W. W. Wallace against Frank D. Richards and others. From a judgment for defendants, plaintiff appeals. *Reversed.*

*Johnson & Murphy*, for appellant.

*Richards & Richards*, for respondents.

MINER, J.:

Plaintiff brought this action to recover upon a promissory note, of which the following is a copy: "$1,000. Ogden, Utah, May 10, 1893. One year after date, for value received, we promise to pay to the order of W. W. Wallace, $1,000, payable in U. S. gold coin at the Commercial National Bank of Ogden, Utah, with interest at ten per cent. per annum, payable semiannually, from date until paid, both before and after judgment; and, if not paid at maturity, we agree to pay a reasonable attorney's fee for collection. [ Signed ] Frank D. Richards. Wm. H. Sells. B. H. Fisher. Due May 10, '94." The due execution and delivery of the note were admitted in the answer. The case was tried before the court without a jury, and the note received in evidence. It appears from the bill of exceptions that the defendant Richards was called as a witness for the defendants. From his testimony, it appears that he talked with one John D. Murphy, of Ogden City, concerning the loan of some money, in May, 1893, and that Mr. Murphy told him that he thought he could procure the money for him; that afterwards he signed the note to plaintiff, Wallace, and received $1,000 from Mr. Murphy; that he had and received all the money for himself; and that defendants Sells and Fisher had no part of it, but that they signed the note with him as accommodation makers. Plaintiff's attorney made objection to the admission of certain testimony, and the court allowed him to make his motion concerning the testimony at the close of the case. The witness gave further testimony to the effect that, before and at the time the note was signed, " I understood from Mr.

Murphy that the note should be extended from maturity at least one or two years. I negotiated with Mr. Murphy with reference to making the loan, and gave him the note, when executed. He was the only person I had anything to do with. Murphy determined upon the acceptability of the other parties who signed the note. I understood that Mr. Wallace, the plaintiff and payee, lived in Chicago, but I have never seen him. About the time of the maturity of the note, I said to Murphy that I would like to have it extended, and at that time he remembered the conversation we had before. Q. Was the note extended? A. I understood so. Q. Well, what was said? A. I am uncertain just what was said, but that was the understanding. Mr. Murphy, at the time the note was due, said it would be all right, or something to that effect." It was presented for payment of interest about six months after it was due, and for payment about a year after. Defendants' attorney announced this was all the testimony for defendants, so far as Murphy's agency was concerned. Plaintiff's attorney moved to strike out the defendants' testimony on the ground that the proofs made did not constitute any defense to the action. The motion was denied, and the plaintiff duly excepted. On cross-examination of the witness, it appears that he had a talk with Murphy about getting the money two or three weeks before the note was given, when Murphy said he would try and get the money from an Eastern party. "I knew from whom I was getting the money when the note was executed. When the note matured, Murphy said it would be extended. I paid nothing for his promise to extend the note, and nothing was paid for that at any time. When the note was executed, Murphy thought it would be made for more than one year. I said, 'We will take it for one year, with the privilege of an extension, as part

of the contract.' I wrote the note myself, and did not put anything in it about the privilege of extension. I paid nothing for the promise to extend the note." Defendants Sells and Fisher testified, in substance, that they had no notice or knowledge of any agreement between Murphy and Richards as to extending the time of payment of the note; that they signed the note as accommodation makers, and had no part of the money; that the note was not presented for payment until about a year after it was due. No testimony was offered on the subject that plaintiff knew that Sells and Fisher were accommodation makers. At the close of the testimony, plaintiff's attorney moved for judgment against Sells and Fisher upon the grounds (1) that, as to defendants' understanding with Mr. Murphy, there is no testimony showing that he was authorized to make such agreement as the witness Richards testified at the time said note was executed, and that all of the testimony was admitted in violation of the rule of law prohibiting the varying of a written contract by a contemporaneous parol agreement; (2) that the testimony of Richards shows that there was no consideration for the extension which he claims was granted in May, 1894, which said agreement, being without consideration, was void; (3) that all of the testimony given on behalf of said defendants constitutes no defense in law to this action. This motion being by the court overruled, plaintiff duly entered his exception. The court thereupon made its findings of fact and conclusions of law, and rendered judgment against the defendant Richards, and dismissed the complaint against defendants Sells and Fisher, to all of which findings plaintiff excepted.

It does not appear from defendants' testimony that Mr. Murphy, as the agent of the plaintiff to loan the money,

had any authority from the plaintiff to extend the time of payment of the note, either before, at the time, or after its execution, or in any way vary the terms of the written contract; and, if such agreement existed, it appears that there was no consideration paid for such proposed or promised extension. If the agreement was made before or contemporaneously with the note, such agreement was not in writing. There was no absolute promise to extend the note. There was no definite time agreed upon to which the note should be extended after its execution. The note was a joint note, and the plaintiff was not informed that Sells and Fisher were accommodation makers when the note was executed and delivered. No fraud or mistake is alleged or proven. The testimony offered and admitted violated the well-established rule of law that parol testimony is not admissible to vary, change, or contradict the terms of a written instrument, made at the time of a written contract. "If the agreement to extend was contemporaneous, the agreement must be in writing. If otherwise, the rule of evidence would be violated which prohibits the admission of parol evidence to vary or contradict the terms of a written instrument, unless the parol evidence is intended to show that by accident, fraud, or mistake, the agreement was unintentionally omitted from the body of the instrument." If the agreement to extend was made before the note was executed, the presumption follows that all the results of the negotiations were embodied in the written instrument, in the absence of fraud and mistake. If extended afterwards, the time was not definitely and certainly fixed or agreed upon. The testimony as to what Murphy said, after the note was executed, with reference to the extension or renewal of the note, was clearly inadmissible, as no agency was shown, and no consideration

paid for the extension. Tied. Com. Paper, §§ 42, 43, 424; 2 Daniel, Neg. Inst. §§ 1316, 1318; *Bank* v. *Foote*, 12 Utah 157; *Davis* v. *Stout* (Ind. Sup.), 25 N. E. 862; *Abstract Co.* v. *Bahn* (Tex. Civ. App.), 27 S. W. 1047.

The note in question was made payable at the Ogden Commercial National Bank, and could have been paid when due. There was nothing in the note to indicate that Sells and Fisher were accommodation makers, and no notice of this fact was given to the plaintiff, so far as appears from the defendants' testimony. It was competent for the defendants to show they were accommodation makers, but this relation, when shown, would not relieve the sureties from responsibility because this note was not presented for payment until after it was due, unless an extension of time had been granted the principal maker by the owner and payee of the note, or by his direction, for a valuable consideration, and for a time reasonably certain, without the knowledge and consent of the sureties. The agency of Murphy ended with the delivery of the money, and the taking and transmission of the note to the plaintiff as it was drawn. Mr. Richards drew the note himself, and there is no question of fraud or mistake presented with reference to its execution or terms. The case of *Gillett* v. *Taylor*, 14 Utah 190, cited and relied upon by the defendants, is based upon a different state of facts from those presented in this record.

We are of the opinion that the court erred in not granting the plaintiff's motion to strike out defendants' testimony with reference to the agency of Murphy. We are also of the opinion that the court erred in refusing to grant the plaintiff's motion for judgment against defendants Sells and Fisher, and in dismissing the complaint against them. For the errors referred to the judgment

appealed from is reversed and set aside, and a new trial granted.

ZANE, C. J., and BARTCH, J., concur.